## O. M. SPRATT CORPORATION v. PUBLIC UTILITIES CONSOL. CORPORATION.

No. 815.

District Court, D. Montana.
April 14, 1932.

Hamblen & Gilbert, of Spokane, Wash., for plaintiff.

D. L. Jouvenat, of Minneapolis, Minn., for defendant.

BOURQUIN, District Judge.

This is another of those receiverships akin to that of Hardy's Case (D. C.) 20 F.(2d) 967, 969, which, despite some peculiar aspect, can be, as it should be, summarily terminated without detriment to any, if any, local creditor. Taking the pleadings for it, and that is all before the court, it is a consent receivership without equity, of a piece with like abuses which history records as the prime cause for legislative abolition of courts of chancery in not infrequent instances, and of a piece with analogous practises which incite Congress to limit jurisdiction until, as foreshadowed in the Yellowstone-Merchants' Nat. Bank Case (D. C.) 277 F. 69, 71, federal tribunals inevitably will soon be little more than police courts.

Granted in the district of Minnesota in November, 1929, this ancillary was granted a few days later.

Thereafter was literally no action herein save inventory and final report in response to orders.

The latter is that "your receiver under orders" of the Minnesota court "of primary jurisdiction and principal decree, sold all the public utility properties of the defendant" in the Flathead in Montana; and the prayer is "the order of this court (1) confirming and approving his final report," (2) his discharge, and (3) exoneration of his bond.

Did not the receiver appear obsessed with the delusion that this court's functions terminated when it signed his application's dotted line, it would be unnecessary to restate the law, viz., that it is elementary and fundamental that in receivership, whether original or ancillary, the court of the locality of real property has exclusive jurisdiction over its administration. And this so obvious and well settled, citation is unnecessary. Hence, any order made by the Minnesota court to this court's receiver or its own, to sell realty of title vested in defendant and located in this state, is void on its face, serves nothing save confusion, and incapable of confirmation here.

The receiver is discharged, and suit is dismissed, but it is clear his report cannot be confirmed or approved, nor his bond exonerated. For two years naught but silence herein, it is probable there are no local creditors aggrieved; but, if any are, the bond if not the properties may be available to them.

Decree accordingly.