| 63 | 49 |
| 67 | 456 |

HIRAM C. TRUESDALE v. PHILADELPHIA TRUST, SAFE DEPOSIT
& INSURANCE COMPANY, Trustee, and Others.[1]

November 27, 1895.

Nos. 9578—(169).

**Attorney Employed by Trustee—Liability of Beneficiary for Services.**

> T. was employed by the trustee of certain bondholders to render professional services as counsel, which were useful and beneficial to the trust estate. The trustee did not stipulate against a personal liability, nor did such trustee profess or undertake to create any lien on the trust estate for such services, and the trustee was not insolvent. *Held*, that T. must look to the trustee for compensation for his services, and not to the beneficiaries of the trust estate.

Action in the district court for Hennepin county, referred by order of court to W. E. Hale, Esq., as referee, to try and determine the issues and to report a judgment thereon.   The referee found in favor of defendants.   From an order, Elliott, J., denying a motion for a new trial, plaintiff appealed.   Affirmed.

*Lawrence, Truesdale & Corriston* and *J. B. Atwater*, for appellant.
*C. D. & Thos. D. O'Brien*, for respondents.

BUCK, J.   The plaintiff brought this action to recover the value of his services as an attorney.   The cause of action as set forth in his complaint is substantially as follows:   That between July 1, 1888, and June 1, 1893, the plaintiff, at the request and for the benefit of the defendants, performed certain services as an attorney at law, and expended certain money, in and about certain litigation involving the foreclosure of a certain mortgage against the Minneapolis and St. Louis Railway Company, and in and about conducting certain litigation concerning the foreclosure of certain mortgages and trust deeds concerning the Minneapolis and St. Louis Railway Company, and in and about obtaining possession of certain portions of the property of said railway company upon which the defendants' mortgage was a lien, and defending the right, title, and lien of the defendants to other portions of said property.   The plaintiff also

[1] Reported in 65 N. W. 133.

alleged that he had expended and incurred expenses in behalf of the defendants in the sum of $3,000, and that his services were of the value of $50,000, and that no part of the same had been paid except the sum of $20,000, and judgment was demanded for the sum of $33,-000, and interest from June 1, 1893.

It appears that the Farmers' Loan and Trust Company of New York was a trustee under a certain trust deed executed by the Minneapolis and St. Louis Railway Company to secure the holders of certain bonds issued under such deed, including the defendants, who are sued directly in an action at law for the value of the plaintiff's alleged services as such attorney. The evidence shows that the plaintiff was employed and retained by the trustee to protect the security and the estate, and the rights of the trustee under the deed of trust. No controversy arises over the value of the services. While the plaintiff alleges that he had been paid the sum of $20,-000 on account of his services and expenses as such attorney, yet defendants deny that they paid him that sum, and it quite satisfactorily appears that the amount was paid by order of the court, out of a fund not belonging to the defendants. It also appears from the evidence that the services rendered by the plaintiff in protecting the trust deed and the rights thereunder were necessary and proper, and that they did in fact protect the rights of the defendant bondholders under such deed, although the trust deed itself does not in express terms direct the trustee to take such steps as might be necessary to protect such security. However, there cannot be any doubt but that it was the duty of the trustee, of his own motion, to take the necessary steps to protect the security in his possession and under his control, and for this purpose to employ counsel, if necessary, to assist him in his duty as such trustee. But, in so doing, the contract was a personal one between plaintiff and the trustee. In such transaction the beneficiaries or bondholders were not the principals, nor was the plaintiff their agent. The principal was the trustee, and the plaintiff was the agent or attorney of such trustee; and the beneficiaries under such a contract are not liable for services rendered to the trustee, although the contract was entered into by the trustee for the benefit of the trust estate. The plaintiff's sole remedy, as the attorney for the trustee in this case, is a personal action against the trustee, and not against the bondholders or beneficiaries.

So well settled is the general rule that the beneficiaries in a trust of this kind cannot be held personally responsible to the agent or attorney of the trustee by any act of the latter that we need not enter into any extended discussion of the question. If there are any extraordinary cases which would be an exception to this well-settled rule, we need not refer to or discuss them, because this case presents no such exception.

Nor is the agent or attorney in such case responsible for his conduct to the beneficiaries. Neither is responsible to the other, because there is no contract between them, and hence no contract obligation. The obligation is a personal one between the trustee and his employé. No question is involved as to the insolvency of the trustee, nor does it appear that the trustee stipulated against any personal liability, and the employment of the attorney was without any order or authority from the court. "A trustee, in the widest meaning of the term, may be defined to be, 'a person, in whom some estate, interest, or power in or affecting property of any description is vested for the benefit of another.'" Hill, Trustees, 41; Robertson v. Bullions, 9 Barb. 64, 101; Taylor v. Davis, 110 U. S. 330, 4 Sup. Ct. 147. In this case the trustee had the legal title to the trust security, and, by reason of the trust duty imposed, had certain duties to perform for the benefit of the bondholders, the trust being an active administrative one. The plaintiff was employed by the trustee as counsel to conduct the affairs, which he did successfully, and for such services the trustee is personally liable. But in such instances the trustee is held to a strict accountability for any expense incurred in the execution of the trust, because such accountability makes the trustee cautious and discreet in all his dealings with his agent or attorney, and thus his acts become more in accord with his duty. For his own protection and benefit, he should only employ such counsel as may be necessary and proper to protect the property and rights of the beneficiaries, because, in case of the insolvency of the latter, he would have no remedy for reimbursement. Growing out of this primary responsibility on the part of the trustee to the agent or attorney so employed is the inherent equitable right of the trustee to be reimbursed for all necessary and proper expenses which he has incurred in the execution of the trust, such as traveling expenses and those paid for legal services, although,

if guilty of misconduct in such respect, he must bear them himself. Hence this strict accountability operates as an incentive to him to keep within the line of his duty, and faithfully discharge the duty so imposed upon him by the instrument creating the trust, or so imposed by operation of law.    When he has done this, he has a natural and equitable right to be reimbursed for money necessarily expended in the performance of the trust duty, and such reimbursement shall be paid out of the fund which is the subject of the trust.    Seibert v. Minneapolis & St. L. R. Co., 58 Minn. 58, 57 N. W. 1068.    "And the general rule is, that the expenses of properly administering a trust are a lien, on behalf of the trustee, on the estate in his hands, and he will not be compelled to part with his control of that estate until such expenses are paid.    But this, unless it may be in exceptional cases, does not extend to persons employed by the trustee.    In general, their only remedy for compensation is personal, against the trustee employing them."    Johnson v. Leman, 131 Ill. 609, 23 N. E. 435; Hill, Trustees, 567; Rensselaer & S. R. Co. v. Miller, 47 Vt. 146; 2 Perry, Trusts, § 907.    Thus, it will be seen the trustee has ample protection for all expenses necessarily incurred in behalf of the trust, and there is no hardship, but much reason, in his being personally liable for any agent or counsel employed by him.

We are further of the opinion that the contention of the plaintiff that some of the defendants had, by a certain conversation with him, authorized his employment as counsel, and thereby made themselves liable for the compensation, is not tenable.    At the time of the alleged conversation, plaintiff had been previously employed, during a period of several months, by the trustee, in and about the same identical matter, and they made no express direct agreement to pay him a compensation, although some of them promised to take steps with that end in view, but nothing further was done in the matter, and no binding promise can, by any reasonable construction, be spelled out of the language used.

Some of the bondholders also requested in writing that the trustee would resist all attempts, by whomsoever made, to declare the principal due on one certain mortgage; but we are of the opinion that, whenever the attention of the trustee was called to the matter, it would have been his duty to have taken such legal steps as would have protected the best interests and rights of the bondholders, ir-

respective of the request, and this in no manner affected the question of their liability to the plaintiff. This request was dated November 17, 1890. Nor do we think that the instrument of a subsequent date, viz. January 15, 1891, signed by three of the bondholders in regard to the trustee's taking legal proceedings, changes the legal status of all or any of the parties hereto. The request did not add to or change the legal right of the plaintiff and defendants.

The order of the trial court denying the plaintiff's motion for a new trial is therefore affirmed.