## YELLOWSTONE-MERCHANTS' NAT. BANK OF BILLINGS v. ROSEN-BAUM BROS. & CO.

(District Court, D. Montana.   January 9, 1922.)

### No. 975.

**Removal of causes ⊂⇒10—Nonresident defendant may remove cause to federal court, though not served with process.**

Nonresident defendant may remove cause to the federal court any time before he is required to plead, though not yet served with process, where valid process might issue.

At Law. Action by the Yellowstone-Merchants' National Bank of Billings against Rosenbaum Bros. & Co. Motion by plaintiff to remand to state court denied.

Collins & Wood, of Billings, Mont., for plaintiff.

Cooper, Stephenson & Hoover, of Great Falls, Mont., Shea & Wiggenhorn, of Billings, Mont., and C. G. Myers, of Chicago, Ill., for defendant.

BOURQUIN, District Judge. Plaintiff is a national bank of this state, and defendant is a corporation of Illinois. The action in trover was brought in a state court, process was served in this state upon defendant's president, defendant appeared specially to quash and dismiss and to remove the cause hither, and also appeared specially herein to quash, and plaintiff appeared specially to remand.

Plaintiff's contention is that, since defendant insists it was not legally served with process, and is not subject to process in this state, for that it is in no respect to be found in it, the action could not have been brought and maintained in this court against defendant's objection, and that in consequence it cannot be removed hither against plaintiff's objection. And appeal is made to Nickels v. Pullman Co. (D. C.) 268 Fed. 610, and its construction of the rule of Wisner's Case, 203 U. S. 449. 27 Sup. Ct. 150, 51 L. Ed. 264, and Moore's Case, 209 U. S. 490,

28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164. The Nickels Case supports plaintiff's contention, but it is believed its construction of the rule aforesaid is erroneous.

That rule is that any federal court has original jurisdiction of suits between citizens of different states, but compulsory jurisdiction of the parties' persons only when the suit is brought in the district of the residence of one of them. Otherwise brought, jurisdiction is secured of defendant's person only by his waiver of objection to improper venue, not to improper process, because there can be no process nor service. Likewise any federal court has jurisdiction on removal of such suits, but compulsory jurisdiction of the parties' persons only where the suit is brought in and removed from a state court within the district of plaintiff's residence. Brought in a state court within any other district, jurisdiction of plaintiff's person on removal is secured only by his like waiver of objection to venue, and not to process. (Query: With plaintiff's consent, can removal be had of a suit brought in the district of defendant's residence? Probably it could, as a suit within the jurisdiction of the federal courts anywhere.)

Hence a suit brought in a state court, in a district wherein brought in a federal court there is no compulsory jurisdiction of defendant's person, cannot be removed to the federal court and thereby secure compulsory jurisdiction of plaintiff's person. And, the statute limiting removal to nonresident defendants, it follows there can be removal without out plaintiff's consent of suits brought in the district of plaintiff's residence, but not of suits brought elsewhere.

Assuming this to be the rule of Wisner's Case and Moore's, the fallacy of Nickel's Case is that it conceives the rule to be that, without plaintiff's consent, there cannot be removal, unless prior thereto compulsory jurisdiction of defendant's person is actually secured in the state court by valid service of process on him. The rule does not require such construction, and to infer it is to destroy rights always heretofore assumed to be contemplated by the statute, viz. removal to secure in the federal court determination of all issues, whether of process, provisional remedies, or the merits, and to that end to remove the cause at "any time before the defendant is required * * * to plead" in the state court, or, in other words, before process served or even issued. It will be remembered that defendant's appearance to remove the cause is special, whether or not he so characterizes it, and he need file no pleading in the state court.

All defendant's motions or pleadings, whether in respect to process, provisional remedies, or merits, may be filed in the federal court after removal. In Remington's Case, 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959, practically "all fours" this at bar, in the state court defendant moved quashal of process, which was denied, removed the cause to the federal court, and therein renewed his motion to quash; plaintiff objected to its consideration, and moved to remand, and quashal was granted and remand denied. In legal effect, without having been served with process, defendant appeared and had compulsory removal of the cause.

So far as removal is concerned, if valid process can issue and in theory may be served, it suffices for the compulsory jurisdiction of defendant's person contemplated by statute and rule, and authorizes compulsory removal. To defeat removal, no immaterial speculation or conjecture will be indulged that perhaps defendant will not at any time be found long enough within the district to permit and accomplish service of process.

Indeed, Nickel's Case recognizes this as the rule; for, after construing it as aforesaid, it decides that if, at the time plaintiff brought the suit in the state court, that court's process could have been served on defendant, remand will be denied, even though service had not been made; that is, if service is possible in theory, no speculation will be indulged that it may not be made in fact. It is true Nickel's Case limits its rule to suits wherein a corporation has a resident agent upon whom service may be made; but in that contingency, as in the converse, service is only possible in theory and may not be made in fact. For in the one, as in the other, service in fact depends upon finding and serving the agent or defendant in the district. The distinction of Nickel's Case is only based on degrees of speculation, not to be indulged. So, after all, Nickel's Case and this at bar in essence are in accord.

It is true Congress is constantly restricting the jurisdiction of the federal courts, in only important causes, however, for it is also true that it is constantly extending their jurisdiction to trivial causes and to causes virtually filched from the states' police power, until they are crowded with white slavers, pimps, prostitutes, and panders, drug peddlers and addicts, bootleggers and poachers. This court was lately horrified to find all its machinery in motion and with a jury engaged in trying (God save us) five reputable citizens upon a charge of having joint possession of one dead hell-diver.

Therein the prestige and efficiency of the courts inevitably suffer, to the impairment of the administration of justice. It is not thought, however, that the removal statute and rule aforesaid indicate any such restriction as Nickel's Case assumes to discover. At any rate, if, as here, plaintiff assumes to have served process upon defendant, whether that service is valid is for determination somewhere; and, as removal is to secure to defendant determination in the federal court of all issues in the suit, he may remove the cause to that end in respect to this issue of process, as well as to all others.

Remand is denied.