## In re TRUSTEESHIP OF VANCE.

No. 11358—Opinion Filed June 24, 1924.

(Syllabus.)

1. **Trusts—Express Trusts—Title of Trustee—Jurisdiction.**

The title to the property in an express trust is in the trustee, and such trustee in the administration of such trust is subject to the control and supervision of a court of equity and not of the probate court.

2. **Same—Minor as Beneficiary—Income—Guardianship.**

The net income or profit of a trustee of an express trust, where the beneficiary is a minor, is the property of such minor, and under the provisions of section 13, article 7, of the Constitution of Oklahoma, should be paid by the trustee to the guardian of such minor to be expended under the direction of the county court.

3. **Same—Administration of Trust—Allowance of Attorney's fee.**

An attorney's fee, contracted by the mother of the minor, cestui que trust, for service in a habeas corpus proceeding involving the custody of such minor is not a proper item for allowance by a court of equity in the administration of such trust.

Error from District Court, Tulsa County; Owen Owen, Judge.

Appeal from order of the District Court of Tulsa County, wherein William Vance, as trustee of the estate of Benjamin Vance, Jr., a minor, is directed to pay the sum of $2,-500 to H. B. Martin, as attorney's fee for services rendered Gladys Vance Watson in an application for a writ of habeas corpus involving the custody of Benjamin Vance, Jr. Reversed, with directions to deny the application for the allowance of attorney's fee.

M. A. Breckinridge, Chas. R. Bostick, and Lee Daniel, for plaintiff in error.

H. B. Martin and R. A. Reynolds, for Gladys Vance Watson.

WARREN, J. This is an appeal from an order of the district court of Tulsa county wherein William Vance, as trustee of the estate of Benjamin Vance Jr., a minor, is directed to pay the sum of $2,500 to H. B. Martin, as attorney's fee for services rendered Gladys Vance Watson in an application for a writ of habeas corpus involving the custody of Benjamin Vance, Jr.

The application for the writ was made by William Vance, who was a testamentary trustee of the estate of Benjamin Vance, the beneficiary being Benjamin Vance, Jr., and the said trustee was attempting to secure the custody of Benjamin Vance, Jr.. from the child's mother, Gladys Vance Watson. In this action Gladys Vance Watson employed H. B. Martin, an attorney at law, to resist the granting of the writ, and was successful.

It appears that Benjamin Vance, the father, died leaving a considerable estate; that he made a will, which was duly probated by the county court of Tulsa county; that by the terms of such will William Vance, father of the deceased, was willed the entire property of the testator as trustee to be held by him in trust for the sole use and benefit of the son of the deceased, Benjamin Vance, Jr. The administration of the trust estate by William Vance as trustee was pending in the district court of Tulsa county. William Vance was also guardian of Benjamin Vance, Jr. The administration of the trust estate by William Vance as trustee was pending in the district court of Tulsa county. William Vance was also guardian of Benjamin Vance, Jr., by appointment of the county court of Tulsa county.

After the termination of the habeas corpus proceeding, which became final, Gladys Vance Watson filed a petition in the same proceeding asking the allowance to be made to her of a sum for the maintenance of the infant, also for the allowance of attorney's fee for her attorney in the habeas corpus proceeding. Later, on motion of the said Gladys Vance Watson, this petition for maintenance and attorney's fee was transferred to the other case in the district court wherein the administration of the trust was pending. This transfer was made over the objection of counsel for the trustee, William Vance.

The matter coming on for hearing, the district court in the trust case made an allowance of $400 per month to Gladys Vance Watson for the maintenance of the minor and made an allowance of $2,500 to her for the benefit of her attorney, H. B. Martin. An appeal was perfected from the order

which provided for the attorney's fee. The services of such attorney were rendered in the habeas corpus case.

It is contended on behalf of the appellant that the district court of Tulsa county has no jurisdiction of the trust case, for the reason that it is the estate of Benjamin Vance. Jr., a minor, and that under section 13, article 7, of the Constitution of Oklahoma, county courts alone have jurisdiction of such estates. The constitutional provision is as follows:

"The county court shall have the general jurisdiction of a probate court. It shall probate wills, appoint guardians of minors, idiots, lunatics, persons non compos mentis, and common drunkards; grant letters testamentary and of administration, settle accounts of executors, administrators, and guardians; transact all business appertaining to the estates of deceased persons, minors, idiots, lunatics, persons non compos mentis, and common drunkards, including the sale, settlement, partition, and distribution of the estates thereof."

It is true that the title of the case and the caption of this appeal is In re Trusteeship Estate of Benjamin Vance, Jr., a minor, and the said beneficiary is a minor, but the estate is a trust estate and is governed by article 4, ch. 77, Comp. Stat. 1921. This defines the nature of the estate and the estate as therein defined does not come within the provisions of the constitutional provision. Section 8474 of said statute is as follows:

"Except as hereinafter otherwise provided, every express trust in real property, valid as such, in its creation, vests the whole estate in the trustees, subject only to the execution of the trust. The beneficiaries take no estate or interest in the property, but may enforce the performance of the trust."

The title to the said trust estate is in William Vance, trustee, and not in Benjamin Vance, Jr., and the style of the case does not correctly indicate the legal title thereto.

The Constitution by its terms gives to the county court jurisdiction to probate wills, appoint guardians grant letters testamentary and of administration, settle accounts of executors, transact all business pertaining to estates of deceased persons, minors, idiots, lunatics, etc. So long as the estate of Benjamin Vance, the testator, was in process of settlement by the executor of his will, exclusive jurisdiction of such estate, not settled or distributed, was in the county court. When such estate was fully administered by the executor and was ready for distribution, it went to William Vance, trustee, and was no longer the estate of a deceased person. Neither was it the estate of a minor

or any other person recited in the section. In re Mortensen's Estate (Ill.) 94 N. E. 120; Currier v. Johnson (Colo.) 73 Pac. 882.

It would seem, therefore, the estate being in William Vance, trustee, that it in no sense comes within the previous constitutional provision, and the county court does not have jurisdiction of the trust estate. The will of Benjamin Vance is not set out in the record, but an excerpt therefrom is recited in the brief of defendant in error, which we assume is correct. The will recites that the trust continues during the minority of Benjamin Vance, Jr. The trust estate, therefore, should be administered by the trustee under the supervision and control of the district court in equity in so far as all business pertaining to the estate is concerned. That is to say, the district court should pass upon all expenditures and receipts. The net profit shown by the estate, being the excess of income over expenditures, if any, as shown by the administration of the trust estate, is the property of the minor and is controlled by the constitutional provision above set out. Such net income, if any, should be paid by the trustee to the guardian of the minor. If the estate is not profitable, the district court in its discretion, no third person being interested. may order any part of the principal estate to be carved out of the trust estate and paid to the guardian for the maintenance of the minor, and any other proper expense allowed by the county court (26 R. C. L. 1327). When these sums come into the hands of the guardian, they should be reported by the guardian as the statutes provide, and the county court may allow or disallow all expenditures made in behalf of or on account of the minor, including all items similar to the one in litigation in this lawsuit.

The county court also has jurisdiction in the guardianship case to make allowance for the maintenance of the minor, as well as all other matters peculiarly within the administration of the minor's estate, after the items in question have become such. This situation should continue until the minor reaches his majority, at which time the guardian may make his final report and deliver the estate to the heir, and the trustee may do likewise and deliver the trust estate to the beneficiary, the same person.

We do not hold that the trustee is liable for amounts erroneously paid out by him as trustee under the direction of the district court. Such payments made honestly and in good faith and for the actual benefit of the minor no doubt will be allowed on final account.

The item in question here not having been

expended, and having been properly objected to, and appealed from, should be disallowed as not a proper item in the administration of the trust estate.

The order of the district court of Tulsa county will, therefore, be reversed, with directions to deny the application for the allowance of attorney's fee.

JOHNSON, C. J., and NICHOLSON, BRANSON, and GORDON, JJ., concur.