## RIEDELL v. STUART et al.

No. 20083.  Opinion Filed July 21, 1931.

Rehearing Denied Sept. 15, 1931.

Fred E. Suits, C. E. Hall, and Wayne E. Wheeling, for plaintiff in error.

Rittenhouse, Lee, Webster, & Rittenhouse, for defendants in error.

McNEILL, J. This is an appeal from the district court of Oklahoma county, and the parties will be referred to as they appeared in the trial court, Chas. M. Riedell, plaintiff in error, as plaintiff, and R. T. Stuart and A. L. Welch, defendants in error, as defendants.

Plaintiff commenced this action in said court on the 17th of November, 1926, and in his petition alleged, in substance, that he was an expert accountant, engaged in the business of preparing United States income tax reports for individuals, firms, and corporations, generally preparing and prosecuting before the Income Tax Division of the Treasury Department of the United States claims for refund of income taxes, preparation of briefs, protesting proposed additional taxes, and securing reduction of proposed taxes; that he performed such other business as is generally conducted by expert public accountants; that the defendant A. L. Welch had served as president and was director and stockholder in the Safety First Insurance Company, a corporation, organized and existing under the laws of the state of Oklahoma, and said defendant R. T. Stuart

had been a stockholder in said company, and that said defendants A. L. Welch and R. T. Stuart owned and controlled all of the stock of said company.

Plaintiff further alleged that during the month of September, 1924, said defendants, through A. L. Welch, as ex-president of the Safety First Insurance Company, executed a power of attorney to this plaintiff, whereby they made, constituted, and appointed this plaintiff and T. J. Cleveland, who was in the employ of this plaintiff, and in charge of plaintiff's office at Oklahoma City, Okla., their true and lawful attorneys to represent said company in connection with its various federal tax returns. Plaintiff further alleged that he entered upon the employment of said defendants, and prepared and filed with the collector of Internal Revenue of the Treasury Department, briefs, claims, affidavits, various sundry and other kinds of papers, protesting a proposed additional tax against the said Safety First Insurance Company for the period from November, 1917, to December, 1921, of $11,084.62, and secured a reduction of said proposed tax to $697.47, thereby effecting a saving to the Safety First Insurance Company and the said defendants, officers, and stockholders thereof, of the sum of $10,387.15; that the terms of said employment were oral, and the amount of compensation to be paid by said defendants to this plaintiff was to be the usual and customary charges received by tax auditors and tax consultants for similar services; that plaintiff performed the services on behalf of said defendants, and that as a result of the employment of plaintiff by said defendants, said defendants, for and on behalf of the Safety First Insurance Company and themselves, received a refund or cancellation of said proposed tax of $10,387.17.

Plaintiff further alleges and states that the services performed by him were reasonably worth the sum of $1,500, and prays for judgment against said defendants and each of them for said amount, with interest thereon at the rate of six per cent. per annum from the 28th of August, 1926.

Thereafter, on the 13th day of June, 1928, plaintiff filed his amended petition, which is the same as the original petition, with the exception that paragraph "111" of said petition was amended to read as follows:

"That the defendant A. L. Welch had served as president and as director and stockholder in the Safety First Insurance Company, and that the said defendant R. T. Stuart had also been a director and stockholder in said company, and that the defend-

ants A. L. Welch and R. T. Stuart owned and controlled all of the stock of said Safety First Insurance Company, prior to its dissolution on the 21st day of September, 1922, and that said A. L. Welch and R. T. Stuart thereafter continued to act for said corporation in closing out its business."

After the overruling of defendants' demurrer to said amended petition, the defendants filed their separate answers by way of general denial, and further alleged that the purported cause of action is a departure and a change from the cause of action attempted to be pleaded in plaintiff's original petition.

Further answering, alleged that said original petition failed to state a cause of action against them as stockholders, officers, or directors of said corporation, for the reason that the original petition alleged the existence of the corporation, and that the acts of the defendants as set forth in the original petition were alleged to have been done for and on behalf of the Safety First Insurance Corporation, and that plaintiff's original petition, wholly failing to state a cause of action, did not operate to toll the running of the statute of limitations upon plaintiff's cause of action attempted to be set out in his amended petition, and that the amended petition was filed long after the running of the statute of limitations upon plaintiff's purported cause of action.

Each of the defendants in his separate answer specifically denies that he entered into a contract with the plaintiff to perform the services alleged in plaintiff's petition. The answer of the defendant H. T. Stuart denies that defendant A. L. Welch had power or authority to bind the said R. T. Stuart by such agreement, and the answer of A. L. Welch denies, not only the agreement with plaintiff, but also denies that the income taxes of the Safety First Insurance Company were reduced by or through services performed by plaintiff. To these separate answers, the plaintiff replied, denying each and every allegation therein contained, inconsistent with the allegations of plaintiff's amended petition.

Thereafter, said cause came on to be heard on November 16, 1928, and said defendants and each of them objected generally to the introduction of evidence on behalf of the plaintiff under the pleadings on the ground that the petition and the amended petition of the plaintiff did not state facts sufficient to constitute a cause of action in his favor against said defendants.

The grounds of said objection were set forth as follows:

· "First. That said amended petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against these defendants, or either of them.

"Second. That said amended petition does not state facts sufficient to allege stockholder's liability.

"Third. That said amended petition does not allege facts sufficient to constitute liability upon the part of officers and directors of a corporation.

"Fourth. That said cause of action attempted to be alleged in said amended petition, if the same ever existed, is barred by the statute of limitations, the same not having been filed within three years from the accrual of the alleged cause of action, if any.

"Fifth. That said purported cause of action attempted to be set forth in said amended petition constitutes a departure and is a change from the cause of action attempted to be stated in the original petition; that the original petition wholly failed to state a cause of action against stockholders, officers, or directors, for the reason that it alleged the existence of the Safety First Insurance Company, and it further alleged that the acts of the defendants R. T. Stuart and A. L. Welch, as set forth in said original petition, were done for and on behalf of the Safety First Insurance Company; that the petition, wholly failed to state a cause of action, did not toll the running of the statute of limitations and an amended petition filed after the running of the statute of limitations is subject to demurrer and objection to the introduction of evidence."

The court sustained the objections of the defendants, to which ruling of the court the plaintiff excepted, and plaintiff elected to stand on his petition, but the court thereupon ordered said petition dismissed, and entered judgment in favor of said defendants against said plaintiff. The plaintiff filed his motion for new trial, which was overruled, to all of which plaintiff excepted, and prosecutes this appeal.

Plaintiff assigns as error that the court erred in sustaining the objection of the defendants to the introduction of any evidence under the pleadings, on the ground that said amended petition did not state facts sufficient to constitute a cause of action against the defendants and in favor of the plaintiff, and that the judgment and decision of the court in sustaining defendants' objection to the introduction of evidence is contrary to law. The decisive question at issue is, Did the plaintiff's amended petition state a cause of action against said defendants?

Section 5361, C. O. S. 1921, as amended by Session Laws 1927, chapter 25, which relates to the powers and duties of trustees of a corporation on dissolution, among other things, provides as follows:

"Unless other persons are appointed by the court, the directors or managers of the affairs of such corporation at the time of its dissolution, are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation, and to collect and pay debts and divide among the stockholders the property which remains after the payment of debts and necessary expenses; and for such purposes may maintain or defend actions in their own names by the style of the trustees of such corporation dissolved, naming it; and no action whereto any such corporation is a party shall abate by reason of such dissolution."

It is contended by plaintiff that his cause of action arose out of a contract which the defendants made with plaintiff after the dissolution of the corporation, and that the provisions of such statute are applicable only to those claims or causes of action for or against a corporation which arose before the dissolution of the corporation. The statute specifically provides: "And for such purposes may maintain or defend actions in their own names by the style of the trustees of such corporation dissolved, naming it."

Section 5362, C. O. S. 1921, is as follows:

"The trustees mentioned in the preceding section are jointly and severally responsible to the creditors, stockholders, and members of the corporation, to the extent of its property in their hands."

In the case at bar, the plaintiff was neither a creditor, stockholder, nor member of the corporation. The contract of employment in question was entered into after the dissolution of the corporation, and the contract of employment was for the recovery of taxes which the United States government claimed were due and owing against said corporation before the dissolution of the corporation. The defendants herein were stockholders and directors of said corporation prior to the dissolution of same, and owned and controlled all of its capital stock. The corporation, at the time of entering into this contract, had ceased to exist; it was dissolved and could not carry on the business for which it was created. It was a nonexistent entity.

Neither counsel cite any authority from the Supreme Court of this state, nor has our research been able to find such, on the question at issue of whether or not plaintiff

can maintain an action against said defendants as individuals, said defendants being the former and sole stockholders and directors, but now trustees, of a dissolved corporation under said section 5361, C. O. S. 1921, to recover the reasonable value for his alleged services, contracted for and rendered after the dissolution of said corporation in reference to a refund of a United States governmental tax, or whether or not it was necessary to make said defendants parties defendants, as trustees of said dissolved corporation.

Plaintiff contends that the trustees of a dissolved corporation are personally liable for the contracts they make and the obligations they assume, even though the same are made, assumed, or undertaken for the express benefit of the trust estate, regardless of their designation as trustees, unless said trustees stipulate in positive terms that they are not to be bound personally, and that the obligee must look entirely to the trust estate for his compensation or reimbursement, and unless they so stipulate and provide, they are personally and individually liable for the breach of such contracts, and an action for such breach should be brought against them in their personal and individual capacity.

On the other hand, the defendants contend that the trustee of a dissolved corporation does not, or may not, hold the entire legal interest in the property of the dissolved corporation, and can neither sue nor be sued in his own name, as an individual, but only as trustee of the dissolved corporation, and that, inasmuch as plaintiff's petition did not state a cause of action against the defendants as trustees of the Safety First Insurance Company, a dissolved corporation, the trial court committed no error in sustaining defendants' objection to the introduction of evidence by plaintiff.

26 Ruling Case Law, pp. 1316 and 1317, states as follows:

"The general rule undoubtedly is that a trustee cannot charge the trust estate by his executory contracts, unless authorized to do so by the terms of the instrument creating the trust. On such contracts he is personally liable, and the remedy is against him personally, for the trust estate cannot promise, and unless he is bound no one is bound, for he has no principal, and the rules which determine the liability of an agent are not applicable to trustees. Accordingly a person contracting with a trustee cannot proceed directly in the first instance, against the trust estate. Applying the rule, one who makes advances, or extends credit, or renders services, or furnishes necessaries to trustees, though made in the execution of the trust, or to enable them to perform their legal duties under the trust, creates only a personal liability against the trustees."

Thompson on Corporations (2nd Ed.) states (sections 6550-6555):

"The general offect of the dissolution of a corporation is to put an end to its existence for all purposes whatsoever as a corporate entity, and to destroy all its faculties as such. In other words, the dissolution of a corporation means its legal death and there remains nothing but the settlement of its estate by judicial process, and over which, at least in the absence of statute, the corporation itself has no power whatever. It can thereafter originate no new transactions, dependent on the power conferred by the charter. * * * For all legal purposes the dissolution is the death of the corporation; thereafter, it is a mere nonentity."

The Supreme Court of the United States, in the case of Taylor v. Davis, 110 U. S. 330, 4 Sup. Ct. 147, in passing upon a somewhat similar question involving the liability of trustees under a contract which they, Taylor and Parsons, had made, as trustees, with Charles Davis, a former trustee, wherein they had agreed, as trustees of the trust estate, in consideration of the former trustee transferring to them as present trustees all of the property remaining in his hands without requiring the previous payment of his demands against said trust estate, that they would apply, from time to time, to the payment of all just claims and demands of said former trustee against said estate until the same should be fully paid, all the moneys which should come and remain in their hands as trustees of said trust estate, after first paying therefrom all taxes and current expenses, held, that said trustees were individually liable even though they had described themselves as convenanting as trustees, and also held that if trustees contracting for the benefit of a trust estate want to protect themselves from individual liability on the contract, they must stipulate that they are not to be personally responsible, but that the other party is to look solely to the trust estate. The court, in that case, states, in part, as follows:

"A trustee is not an agent. An agent represents and acts for his principal, who may be either a natural or artificial person. A trustee may be defined generally as a person in whom some estate, interest, or power in or affecting property is vested for the benefit of another. When an agent contracts in the name of his principal, the principal contracts and is bound, but the agent is not. When a trustee contracts as such, unless he is bound, no one is bound, for he

has no principal. The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee. As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such. The mere use by the promisor of the name of trustee or any other name of office or employment will not discharge him. Of course, when a trustee acts in good faith for the benefit of the trust, he is entitled to indemnify himself for his engagements out of the estate in his hands, and for this purpose a credit for his expenditures will be allowed in his accounts by the court having jurisdiction thereof. * * *

"The designation of the plaintiffs in error as trustees in the contract and in the pleadings was merely descriptive of their persons. The contract was their personal undertaking. It is true it was their promise to pay the claim of Davis out of the trust funds. But this was simply a limitation upon the contract; it was none the less their personal obligation. They personally undertook to pay a conceded balance due to Davis, whenever there should be a certain surplus of trust funds in their hands sufficient for that purpose, and they are personally liable for the breach of their undertaking."

In the case of Truesdale v. Philadelphia Trust Safe-Deposit & Ins. Co., 63 Minn. 49, 65 N. W. 133, which was an action by an attorney at law to recover the value of his services rendered for which he had been employed and engaged to perform by the trustee, there being no stipulation or agreement to the effect that the trust estate was to be held liable for the debt incurred, the Supreme Court of Minnesota stated in the syllabus as follows:

"T. was employed by the trustee of certain bondholders to render professional services as council, which were useful and beneficial to the trust estate. The trustee did not stipulate against a personal liability, nor did such trustee profess or undertake to create any lien on the trust estate for such services, and the trustee was not insolvent. Held, that T. must look to the trustee for compensation for his services, and not to the beneficiaries of the trust estate."

In the body of the opinion, the court stated as follows:

"It also appears from the evidence that the services rendered by the plaintiff in protecting the trust deed and the rights thereunder were necessary and proper, and that they did, in fact, protect the rights of the defendant bondholders under such deed, although the trust deed itself does not in express terms direct the trustee to take such steps as might be necessary to protect such security. However, there cannot be any doubt but that it was the duty of the trustee, of his own motion, to take the necessary steps to protect the security in his possession and under his control, and for this purpose to employ counsel, if necessary, to assist him in his duty as such trustee. But, in so doing, the contract was a personal one between himself and the trustee. In such transaction, the beneficiaries, or bondholders, were not the principals, nor the plaintiff their agent. The principal was the trustee, and the plaintiff was the agent or attorney of such trustee; and the beneficiaries under such a contract are not liable for services rendered to the trustee, although the contract was entered into by the trustee for the benefit of the trust estate. The plaintiff's sole remedy as the attorney for the trustee in this case is a personal action against the trustee, and not against the bondholders or beneficiaries. So well settled is the general rule that the beneficiaries in a trust of this kind cannot be held personally responsible to the agent or attorney of the trustee by any act of the latter that we need not enter into any extended discussion of the question. * * *

"Nor is the agent or attorney in such case responsible for his conduct to the beneficiaries. Neither is responsible to the other, because there is no contract between them, and hence no contract obligation. The obligation is a personal one between the trustee and his employee. No question is involved as to the insolvency of the trustee, nor does it appear that the trustee stipulated against any personal liability, and the employment of the attorney was without any order or authority from the court.

"A 'trustee,' in the widest meaning of the term, is defined to be 'a person in whom some estate, interest, or power in or affecting property of any description is vested for the benefit of another.' Hill, Trustees, 41; Robertson v. Bullions, 9 Barb. 101; Taylor v. Davis, 110 U. S. 330, 4 Sup. Ct. 147. In this case the trustee had the legal title to the trust security, and, by reason of the trust duty imposed, had certain duties to perform for the benefit of the bondholders, the trust being an active administrative one. The plaintiff was employed by the trustee as counsel to conduct the affairs, which he did successfully, and for such services the trustee is personally liable. But, in such instances, the trustee is held to a strict accountability for any expense incurred in the execution of the trust. * * * Growing out of this primary responsibility on the part of the trustee to the agent or attorney so employed is the inherent equitable right of the trustee to be reimbursed for all necessary and proper expenses which he has incurred in the execution of the trust, such as traveling expenses and those paid for legal services, although, if guilty of misconduct in such respect, he must bear them himself. Hence this strict

accountability operates as an incentive to him to keep within the line of his duty, and faithfully discharge the duty so imposed upon him by the instrument creating the trust, or so imposed by operation of law. * * *

" 'And the general rule is that such expenses of properly administering a trust are a lien on behalf of the trustee on the estate in his hands, and he will not be compelled to part with his control of the estate until such expenses are paid. But this, unless it may be in exceptional cases, does not extend to persons employed by the trustee. In general, their only remedy for compensation is personal against the trustee employing them.' Johnson v. Leman, 131 Ill. 609, 23 N. E. 435; Hill, Trustees (4th Am. Ed.) p. 879; Railway Co. v. Miller, 47 Vt. 146; 2 Perry, Trusts, sec. 907. Thus, it will be seen the trustee has ample protection for all expenses necessarily incurred in behalf of the trust, and there is no hardship, but much reason, in his being personally liable for any agent or counsel employed by him."

The Supreme Court of Illinois, in the case of Schumann-Heink v. Folsom, 159 N. E. 250, states:

"When a trustee contracts, he does so for himself. He has no principal. The contract is the personal undertaking of the trustee, and, if he wants to protect himself from individual liability on the contract, he must stipulate that he is not to be personally responsible, and that the other party is to look solely to the trust estate. Taylor v. Mayo, 110 U. S. 330, 4 S. Ct. 147, 28 L. Ed. 163; Austin v. Parker, 317 Ill. 348, 148 N. E. 19; Bradner Smith & Co. v. Williams, 178 Ill. 420, 53 N. E. 358. In the case at bar, the trustees did limit their liability by specifically stating that the contract was executed, 'not individually, but as such trustees to bind the trust estate.' Under the authorities this was sufficient."

The Court of Appeals of the state of Kentucky, in the case of Auxier v. Aetna Ins. Co., reported in 300 S. W. Reporter, page 617, states:

"A trustee may employ an agent to perform services which he himself cannot perform, but ordinarily such agent must look to the trustee for his compensation and not to the trust estate. * * * A trustee is not an agent, and calling him an agent will not make him so. Not being an agent, he has no power to bind the beneficiaries of the trust. Everett v. Drew, 129 Mass. 150; Dantzler v. McInnis, 151 Ala. 293, 44 So. 193, 13 L. R. A. (N. S.) 297, 125 Am. St. Rep. 28; Hall v. Jameson, 151 Cal. 606, 91 Pac. 518, 12 L. R. A. (N. S.) 1190, 121 Am. St. Rep. 137; Well-Stone Mercantile Co. v. Grover, 7 N. D. 460, 75 N. W. 911, 41 L. R. A. 252; Truesdale v. Philadelphia Trust, Safe Deposit & Insurance Co., 63 Minn. 49, 65 N. W. 133; 2 C. J. 425; 39 Cyc. 333."

In the case of Wells-Stone Mercantile Co. v. G. A. Grover, 7 N. D. 460, 41 L. R. A. 252, the Supreme Court of North Dakota said:

"* * * A trustee cannot escape personal liability unless he lawfully restricts his liability in the contract itself."

In the case of Taylor v. Davis, supra, the Supreme Court of the United States said:

"The trust estate cannot promise; the contract is therefore the personal undertaking of the trustee. As a trustee holds the estate, although only with the power and for the purpose of managing it, he is personally bound by the contracts he makes as trustee, even when designating himself as such."

Under the pleadings the trust estate made no promises by or through said defendants as individuals, or as trustees of said dissolved corporations, and there is nothing in the power of attorney to indicate that said plaintiff would be required to look to the trust estate for his compensation, and in the absence of any such provisions, and in accordance with our statutes heretofore referred to, and the foregoing authorities, we are of the opinion that said plaintiff stated a cause of action against said defendants as individuals.

We are of the opinion that the general rules applicable to trustees apply to the trustees in the case at bar.

An examination of the pleadings and the power of attorney, a copy of which is attached to plaintiff's petition, discloses that the trust estate was not to be bound. Under the power of attorney said trustees do not attempt to restrict their liability, and there is a total absence of a positive agreement to relieve themselves of any liability thereunder, and such employment is without any authority from any court of competent jurisdiction. Under this record, which is tantamount to a demurrer to plaintiff's petition, there are no allegations, or inferences, to the effect that said plaintiff was to look to said trust estate for his alleged compensation. Defendants' pleadings are silent on this question. Plaintiff's pleadings assume that said plaintiff was dealing with said defendants as principals, and not as agents of said dissolved corporation. Plaintiff alleges that, as a result of his employment by said defendants, and as a result of the time and labor expended therein, defendants, for and on behalf of the Safety First Insurance Company and themselves, received a refund or cancellation of said proposed tax of $10,387.15.

The said defendants, sued herein as individuals, after the affairs of said corpora-

tion are finally settled and all debts and necessary expenses, obligations, and liabilities have been paid, will receive the property which remains by reason of their being the sole stockholders. If the expenses in the instant case were a proper and necessary expense incurred in good faith on behalf of the dissolved corporation, the trustees, having the trust estate in their hands, should ordinarily, under the general rule, be entitled to indemnify themselves out of the trust estate in their hands by proper application to a court having jurisdiction thereof.

In reference to the statute of limitations interposed by defendants, there is nothing in the petition to show on its face that the cause of action set out therein is barred by the statute of limitations under section 185, C. O. S. 1921. Higgins v. Butler, 10 Okla. 345, 62 Pac. 810, announces the rule as follows:

"Where the defense of the statute of limitations is relied upon, if the jury are properly instructed as to the law, this defense is a question of fact for the jury to determine, and when the evidence on this point reasonably sustains the verdict of the jury, the court will not disturb the verdict."

To the same effect is the case of Jones v. Hughes, 97 Okla. 128, 223 Pac. 135, wherein the court stated as follows:

"Where the defense of the statute of limitations is pleaded in an action upon an account, and there is evidence tending to support such defense, the issue of fact thus raised is one for the determination of the jury."

From an examination of the records and briefs submitted, we are of the opinion that the court erred in sustaining the objection to the introduction of evidence by plaintiff. The judgment of the trial court is reversed and remanded, with directions to grant a new trial and proceed therein not inconsistent with the views herein expressed.

LESTER, C. J., CLARK, V. C. J., and CULLISON. SWINDALL, and RILEY, JJ., concur. HEFNER, ANDREWS, and KORNEGAY, JJ., dissent.

Note.—See under (1) anno. 26 R. C. L. p. 1316; R. C. L. Perm. Supp. p. 5870; R. C. L. Pocket Part, title "Trusts," § 175.