## TROWER et al. v. STONEBRAKER–ZEA LIVE STOCK CO. et al.

No. 2397.

District Court, N. D. Oklahoma.

Jan. 12, 1937.

688

Hobart E. Duggins, of Tulsa, Okl., for plaintiffs.

Poe, Lundy & Morgan, of Tulsa, Okl., for defendants.

FRANKLIN E. KENNAMER, District Judge.

This action was instituted in the district court of Tulsa county, Okl., and has been removed to this court by petition, because of diversity of citizenship. A motion to remand the cause to the state court is on for consideration.

Plaintiffs' amended petition alleges, in substance, that the plaintiffs are residents of Tulsa county, and are engaged in the business of listing leases and selling oil and gas leases and other property; that the defendant, Stonebraker-Zea Live Stock Company, is a corporation, chartered in the state of Oklahoma, owning property in Oklahoma, and that the officers of the corporation were Charlotte T. Zea, president, E. P. Wheat, vice president and managing officer, and William C. Lucas, secretary, all being nonresidents of the state of Oklahoma, and residents of Kansas City, Mo., and that the said individuals constituted the board of directors of the corporation.

The amended petition further alleges that the corporation was dissolved by operation of law in the year 1931; that since that date the corporation has endeavored to operate in Oklahoma as a corporate entity, and has carried on business with citizens of Oklahoma, and that the directors of the corporation are now the trustees of the creditors and stockholders and members of the corporation, and that the individual defendants are now acting in the capacity of trustees for the corporation and its creditors, and hold title to the legal assets of the corporation.

It is further alleged that the plaintiffs are creditors, and that the trustees, as officers, directors, and managers, now hold in trust the assets of the corporation, and that the individuals are proper parties to be sued in the courts of Oklahoma; that the said trustees were the sole directors of the corporation, and are now the sole trustees of the assets of the corporation.

The amended petition further charges that the defendants, either jointly or severally, and as trustees, own and hold certain personal property and real property, located in Oklahoma, which is described in the amended petition.

It is further alleged that during August, 1935, E. P. Wheat, the vice president, treasurer, and managing officer of the corporation, engaged one J. O. Patterson to sell certain oil and gas mining leases on real properties located in Oklahoma, and that said Patterson directed the plaintiffs to find a purchaser, and that the defendant, Wheat, agreed to pay a reasonable commission for the services of plaintiffs in making a sale; that through the efforts of the plaintiffs, the defendant Wheat sold the leased property to the Empire Oil & Refining Company, and Cities Service Gas Company, selling the property for a consideration of $300,000, and that the deal between the parties was brought about through the efforts of the plaintiffs; that a reasonable commission on said sale is $15,000.

Plaintiffs seek the appointment of a receiver to take charge of the real and personal property, because none of the officers or directors are residents of Oklahoma. In short, the action is for the recovery of a brokerage commission upon an alleged sale of property of a dissolved corporation in August, 1935, and some four years after the alleged dissolution of the corporation.

Service of process was made upon the secretary of the state of Oklahoma, summons was directed to Stonebraker-Zea Live Stock Company, a corporation, and its officers, directors, and trustees, Charlotte T. Zea, president, director, and trustee, E. P. Wheat, vice president, treasurer, director, and trustee, and William C. Lucas, secretary, director, and trustee, by serving the secretary of state. No service of process has been made upon the individual defendants. The individual defendants petitioned for the removal of the case.

Plaintiffs contend, in support of their motion to remand the cause to the state district court, that the individuals are not parties to the suit and that they have no standing in court. It is contended that the individuals are sued as trustees, in a rep-

resentative capacity, and are not sued individually; that no service of process was made upon them, nor was any attempt to serve them individually. The removing defendants contend that they have been sued as trustees, and that as such, being residents of the state of Missouri, they have a legal right to remove the cause to the federal court, and that it can make no difference that they have not been served with process.

The amended petition clearly states that the corporation had been dissolved by operation of law prior to the arising of plaintiffs' cause of action. In other words, a transaction is set forth as having been had with the trustees of a dissolved corporation subsequent to its dissolution. The statutes of the state of Oklahoma provide, section 5361, C.O.S.1921, as amended by Session Laws 1927, ch. 25, section 9788, O. S.1931: "Unless other persons are appointed by the court, the directors or managers of the affairs of such corporation at the time of its dissolution are trustees of the creditors and stockholders or members of the corporation dissolved, and have full power to settle the affairs of the corporation, and to collect and pay debts and divide among stockholders the property which remains after the payment of debts and necessary expenses; and for such purposes may maintain or defend actions in their own names by the style of the trustees of such corporation dissolved, naming it; and no action whereto any such corporation is a party shall abate by reason of such dissolution."

Section 5362, C.O.S.1921, section 9789, O.S.1931, fixes the responsibility of such trustees, making them jointly and severally responsible to the creditors, stockholders, and members of the corporation to the extent of its property in their hands. This statute has been construed by the Supreme Court of Oklahoma, and that construction is binding upon this court. There can be no question about the liability of such trustees for transactions arising before the dissolution of the corporation, being limited to the assets of the corporation in their hands. However, it has been judicially determined that such trustees are personally liable for transactions engaged in by them after its dissolution, even for the benefit of the corporation. Riedell v. Stuart, 151 Okl. 266, 2 P.(2d) 929, 76 A.L.R. 1469. Personal liability is imposed upon such trustees, and

they apparently are not given the benefit of the limitation of liability to the extent of the corporate assets in their hands, for their transactions subsequent to its dissolution. It is unnecessary to further comment upon the case with respect to the liability of trustees under the statutes of Oklahoma, but the ruling of the court with respect to the liability of trustees generally, at common law, is in accordance with the decided cases. Aside from the decision of the Oklahoma Supreme Court, it has been repeatedly held that at common law, and in the federal jurisdiction, a corporation which has been dissolved is as if it did not exist. Oklahoma Natural Gas Co. v. State of Oklahoma, 273 U.S. 257, 47 S.Ct. 391, 71 L.Ed. 634; Pendleton v. Russell, 144 U.S. 640, 12 S.Ct. 743, 36 L.Ed. 574; First National Bank v. Colby, 21 Wall. 609, 22 L.Ed. 687; Mumma v. Potomac Co., 8 Pet. 281, 8 L.Ed. 945.

The dissolution of a corporation at common law abates by litigation in which the corporation was joined either as a plaintiff or as a defendant, but, statutes in the other states, including Oklahoma, has made provision to continue the corporation for certain purposes. To extend the statutory purposes is to do violence to those sections of the statute which provide for the dissolution of corporations. In other words, such statutes should be so construed as to give effect to their purposes, but not to permit a corporation, dissolved by operation of law, to continue to transact and carry on business as a corporate entity. The conclusion is, therefore, that the trustees provided for in the statute above referred to, incur personal liability for their acts as such, after the dissolution of a corporation, unless their transactions are in settlement of the affairs of the corporation, the collection of debts due the corporation or the payment of its debts, in which latter cases their liability should be limited to the extent of the corporate assets in their hands. There is nothing in the amended petition on file herein to show that the transaction from which the alleged cause of action arose, was in settling the affairs of the corporation or performing any of the other acts enumerated in the statute. The amended petition sets forth that the transaction occurred approximately four years after the dissolution of the corporation, and alleges that the trustees have been carrying on busi-

ness in Oklahoma as a corporate entity, which establishes that the individual defendants were carrying on business rather than settling the affairs of the corporation. By so doing, they are personally liable for their acts as such trustees.

Having determined the liability of the individuals as trustees, the next question for determination is the right of the individuals to remove a cause, being parties to the action as trustees for a dissolved corporation which had its creation under the laws of the state of Oklahoma, and which was, therefore, a resident of this state. It is well settled that the individual citizenship must determine the right of the defendants to remove the cause. The citizenship and residence of a trustee, and not the citizenship and residence of the beneficiary or the creator of the trust, determine the right of removal. In a mortgage foreclosure case, the residence and citizenship of the trustee in the mortgage, and not those of the owner, conditioned the jurisdiction of a federal court in a suit to foreclose the mortgage. Smith v. Bell (C.C.A.8th) 217 F. 243.

The United States Supreme Court early settled the proposition that trustees, suing for others' benefit, may remove suits to the federal court, if they personally qualify by their citizenship for such removal and the jurisdiction is not defeated by the fact that the parties whom they represent may be disqualified. Susquehanna & W. V. R. & Coal Co. v. Blatchford, 11 Wall. 172, 20 L.Ed. 179.

Susquehanna & W. V. R. & Coal Co. v. Blatchford, supra, was followed and approved in Knapp v. Railroad Company, 20 Wall. 117, 22 L.Ed. 328. The two cited cases were approved by the United States Supreme Court in Thayer v. Life Association of America, 112 U.S. 717, 5 S.Ct. 355, 28 L.Ed. 864. These cases involved the right of trustees to remove to the federal court.

See Mecom v. Fitzsimmons Drilling Company, 284 U.S. 183, 52 S.Ct. 84, 76 L. Ed. 233, wherein executors and administrators' rights of removal are considered. It is thus settled, beyond question of doubt, that the residence of a trustee, who is joined as a party in a suit, determines the right of removal.

In the instant case, individual defendants, although sued as trustees, are citizens and residents of the state of Missouri, and their citizenship is diverse to the citizenship and residence of plaintiffs, and the jurisdictional amount being involved, may properly remove the cause to the federal court.

The only remaining question presented for determination is the right of the individual defendants to remove the case when not served with process. In the instant case, the individual defendants were not served with process and no process was directed to them. Summons was directed for service upon the secretary of state. It has been held that nonresident defendants may remove causes to the federal courts any time before the time for pleading, although not yet served with process, where valid process might issue. See Yellowstone-Merchants National Bank v. Rosenbaum Bros. & Co. (D.C.) 277 F. 69; Parkinson v. Barr (C.C.) 105 F. 81; Volume 2, Cyc.Fed.Proc. 102, § 280. The requirement that the cause be removed within the time allotted for pleading in the state court, is to expedite such removal. To hold that service of process upon all of the defendants is necessary before removal, is to postpone such removal, and result in delay in the disposition of the litigation. It might even result in detriment and prejudice to litigants having the right of removal, because of action being taken in the state court before they are brought into it. To resist the action in the state court would subject them to the jurisdiction of that court and defeat their right of removal. It must, therefore, follow that a nonresident defendant does not have to wait for service of process before undertaking the removal of a case; he may remove it within any time before he is required to plead in the state court.

This case was properly removed to the federal court. The motion to remand will be overruled.