LOCKE et al. v. JONES.

No. 30045. June 17, 1941.

Rehearing Denied Sept. 23, 1941.

*116 P. 2d 975.*

Guy L. Andrews, of McAlester, for plaintiffs in error.

A. James Gordon, of McAlester, for defendant in error.

HURST, J. Plaintiff, Lawton Jones, filed an application for the payment of a claim of $170.29 against a trust estate created by the last will of J. J. McAlester. The claim was resisted by Sudie Locke, the cestui que trust, and Allen Wright, the trustee. The trial court rendered judgment against the trust estate, and the trustee and cestui que trust appeal.

The application was filed January 4, 1939, in an action styled Sudie Locke v. James T. McAlester, in which the trial court had, on November 30, 1938, rendered judgment holding void a conveyance of the trust property by Sudie Locke and another, who claimed to be the trustee of the trust, but who had never been legally appointed, and holding further that James T. McAlester, grantee in such conveyance, was wrongfully in possession of the property of the trust, and rendering a further judgment against James T. McAlester upon an accounting. The judgment also appointed Allen Wright trustee of the trust, and directed him to take possession of the trust property, which consisted of business property in the city of McAlester. The effect of the judgment was to make James T. McAlester a trustee ex maleficio. 26 R.C.L. 1236, § 83; 65 C. J. 223, § 14. Plaintiff Jones had, under a contract with McAlester while the latter was in possession under the aforesaid conveyance, made certain necessary repairs upon a building belonging to the trust estate, and had filed a mechanic's lien against the property. Subsequently Jones filed an amended application.

Sudie Locke moved to dismiss the amended application on various grounds, and demurred thereto. Both were overruled, and Sudie Locke and the trustee answered, denying that James T. Mc-

Alester was the record owner of the property, or that he was a constructive trustee or a trustee ex maleficio, or that he had any authority to bind the trust estate. They alleged that Jones had an adequate remedy at law by suit against McAlester, and that by his delay in asserting his claim until after judgment in the main action his claim was barred. The answer of the trustee further alleged lack of funds out of which to pay the claim. At the trial the evidence of plaintiff, showing the necessity for the repairs and the reasonableness of the charge therefor, was not controverted.

1. Defendants contend that plaintiff's claim was not germane to the issues litigated in the action and that he could not have a lien upon the property because he had no contract with the owner.

The claim was made against the trust estate, in an action in which the trial court had appointed a trustee and had a continuing jurisdiction in the administration of the trust, and in which plaintiff could properly be permitted to assert a claim against such estate. In re Vance, 102 Okla. 129, 227 P. 881. Nor were defendants injured by the delay in plaintiff's assertion of the claim. The trial court, in the main action, gave McAlester credit for expenditures for repairs to the building made and paid for by him while he was in possession of the property, and the repairs made by plaintiff having been shown to be necessary, it is reasonable to assume that McAlester would have received credit therefor if he had paid plaintiff. The trial court did not enforce the lien filed by plaintiff, but gave judgment against the trustee for the amount of the claim on the ground that the repairs were necessary, and the trust estate received the benefit thereof.

2. Defendants next contend that the judgment became a charge upon the future income of the trust in contravention of the terms of the will which created the trust. The will directed the trustee to pay the income from the trust property to Sudie Locke, "after the payment of expenses of maintenance,

repairs, taxes, insurance, and other necessary charges." While the will did not expressly authorize the trustee to make repairs to be paid for from future income, it did not expressly forbid him to do so. The rule is that the trustee in such case may exercise reasonable discretion. 26 R.C.L. 1320; Restatement, Trusts, § 245. The trustee would have been entitled to reimbursement from future revenue if he had personally paid for necessary repairs which exceeded current revenue. 65 C. J. 714; 26 R.C.L. 1320. The payment of the expense of repairs out of the income of the trust being expressly authorized by the will, it could be allowed to plaintiff by a court of equity. Restatement, Trusts, § 270; 65 C. J. 712. We find nothing to the contrary in Riedell v. Stuart, 151 Okla. 266, 2 P. 2d 929, cited by defendants.

3. Defendants also contend that the judgment against McAlester is res judicata of plaintiff's claim, since the claim of plaintiff is an expense incurred by McAlester, and that all expenses so incurred were considered and determined in the main action. But plaintiff's claim had not been paid by McAlester, and therefore was not considered in the adjustment of accounts between him and Sudie Locke. Plaintiff was entitled to wait until the title to the property was determined in order to assert his claim against the owner, as the repairs effected inured to the owner's benefit. Nor was the filing of plaintiff's claim an attempt to reopen the judgment against McAlester. When the trial court found that the repairs were necessary, and beneficial to the trust property, it in effect held that the expense was one for which McAlester, if he had paid plaintiff, would have been entitled to credit as a trustee ex maleficio. Petroleum Royalties Co. v. Hartford Accident & Indemnity Co. (Tenth Cir.) 106 Fed. 2440, 124 A.L.R. 1403; Restatement, Trusts, § 245; Bogert on Trusts and Trustees, § 716. Determination of plaintiff's claim did not involve a re-examination of the account taken between McAlester and Sudie Locke. The claim being for an expense which McAlester,

while acting as trustee, was authorized to incur, plaintiff was entitled to collect it from the trust estate, as under such circumstances the trustee is not personally liable. Section 11823, O. S. 1931, 60 O.S.A. § 174; 3 Bogert on Trusts and Trustees, § 712, p. 2109.

What we have said above disposes of the final contention of defendants that plaintiff had an adequate remedy at law by an action against McAlester.

Affirmed.

CORN, V. C. J., and RILEY, GIBSON, and ARNOLD, JJ., concur.