PERCIVAL L. EVERETT *vs.* IRA T. DREW & others.

Suffolk.   March 11. — July 1, 1880.   ENDICOTT & SOULE, JJ., absent.

If a person, acting as trustee for others, makes a contract in his own name, his
*cestuis que trust* are not liable thereon, although the fact that he is a trustee
is not known to the person with whom he makes the contract at the time it is
made.

If a declaration alleges that a contract was made by A., as agent for the defend-
ant, and sets forth facts which show that A. was not an agent, a demurrer to
the declaration does not admit the fact of agency.

MORTON, J.   This is an action of contract, and the substan-
tial allegations of the plaintiff's declaration are, that the defend-
ants made an arrangement with Elijah C. Drew that he was to
buy a parcel of land, to take the deed in his own name, and to
execute a declaration that he held it in trust for the defend-
ants, to pay a part of the consideration with money furnished by
the defendants, and to give his own note and mortgage back for
the balance thereof.   The declaration also alleges that Drew

purchased land of the plaintiff's wife and other persons; that he paid therefor $10,000 with money furnished by the defendants; that the owners made a deed to him, and he, at their request, gave his note and a mortgage containing a power of sale to the plaintiff; that the plaintiff foreclosed said mortgage by a sale; that, after applying the proceeds of the sale, there remains a balance due on said note; and that the defendants owe the plaintiff the said balance and the interest thereon.

The plaintiff contends that Drew throughout the transaction and in giving the note acted as the agent of the defendants, and that, as the note is not a negotiable promissory note, he has the right to maintain an action on it against them as unknown and undisclosed principals.

The general rule is well established that if an agent, acting for his principal, makes a contract without disclosing his principal, the latter is bound by the contract. *Thomson* v. *Davenport*, 2 Smith Lead. Cas. (5th Am. ed.) 358, and cases cited. He is bound because it is his contract made through another person. But this rule does not apply in the case at bar. Drew was not the agent of the defendants. He was not authorized to, and did not in fact, make any contract for and on behalf of them. He bought the land · and took the title, he gave the note and the mortgage, in his own name and for his own behalf as trustee. The relations between him and the defendants were not those of agent and principal, but of trustee and *cestuis que trust*. Such a relation is lawful, and, in the absence of fraud, does not render the *cestuis que trust* liable to suits at law upon contracts made by the trustee in his own name.

It is true that the declaration alleges that Drew was the agent of the defendants. But it also alleges the specific facts which show the relations between the parties, and those facts show that he was not an agent. The allegations that he was an agent must be regarded as mere allegations of a conclusion of law which are not sustained by the facts. The defendants' demurrer was therefore rightly sustained. *Exceptions overruled.*

*M. Williams & C. A. Williams,* for the plaintiff.

*C. T. Russell & I. T. Drew,* for the defendants, were not called upon.