# Dantzler, *et al. v.* McInnis.

### *Assumpsit.*

(Decided June 6, 1907.  44 South. 193.)

1. *Trusts; Administration; Borrowing Money; Persons Liable.*—Although the money was loaned to a trustee to pay taxes on the real estate of his trust, and it was so used, only the trustee is liable. All that a creditor of a trustee can do under such circumstances is to exhaust his legal remedies against the trustee to insolvency,, and be subrogated to the trustee's rights against the trust estate when it is shown to be indebted to him on a settlement of his trust relations.

2. *Same; Acknowledgment of Liability by Cesti Que Trust.*—Where the money is loaned a trustee for the purpose of paying the taxes on the real estate of his trust, the cesti que trust does not acknowledge liability for the loan, so as to render him personally liable therefor, by incorporating in a deed made by him to the land a provision that he will not demand payment of part of the purchase money until a settlement of the tax matter pending between him and the lender of the money is determined.

APPEAL from Mobile Circuit Court.

Heard before Hon. WILLIAM S. ANDERSON.

Assumpsit by Murdock McInnis, surviving partner, against Fred A. Dantzler and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

THORNTON & INGE, for appellant.—A party has a right to select with whom he will contract, and cannot have another person thrust upon him without his consent.—*Sullivan v. L. & N. R. R. Co.*, 30 South. 532. So if defendants neither authorized or ratified plaintiff's expenditure of money for them, the allegation of a voluntary payment by one of another's indebtedness will not support a recovery.—*McMillan v. Croft*, 33 South. 26; *Ross v. Person*, 21 Ala. 473; *Chapman v. Lee*, 47 Ala. 155; 58 Ala. 148; 92 Ala. 616; 23 L. R. A. 123. Counsel discuss other assignments of error but cite no authority.

McINTOSH & RITCH, for appellee.—The fact set up in the demurrer to the 5th count should have been availed of by plea.—*Grimmet v. Henderson*, 66 Ala. 521. The demurrers to the plea are not proper subjects of review as the plea was never refiled to the complaint as amended.—*L. & N. R. R. Co. v. Woods*, 105 Ala. 561; *Voltz r. Voltz*, 75 Ala. 555. The recitation in the deed was an indirect admission which bound defendant to a payment of this claim.—*Harmon v. Goetter*, 87 Ala. 325; 1 Ency. of Evidence, 360. The acceptance by defendants of the benefits of the payment conclusively binds them.—*Turrentine v. Griggsby*, 118 Ala. 380; *Lewis v. Robinson*, 100 Ala. 248; *Shepherd v. Buford*, 7 Ala. 90; Clark on Contracts, § 8753; *Keenan v. Holloway*, 16 Ala. 53; *Chapman v. Lee*, 47 Ala. 155; *Roundtree v. Holloway*, 13 Ala. 357; see, also, 21 Ala. 473; 58 Ala. 147; 32 Ala. 395; 86 Ala. 202; 68 Ala. 167; 18 Ala. 270.

[Dantzler, et al. v. McInnis.]

McCLELLAN, J.—The action is assumpsit against appellants by appellee as surviving partner of the late firm of McInnis & Dantzler. Stating the matter with perhaps undeserved favor to appellee, the asserted right to recover arises out of the fact that the appellee's firm, throughout many years, advanced to Susan A. Loper, who was the trustee of or for appellants of certain real estate in Mobile, and charging the same to her individually on their books of account, various sums of money which was sued for and did pay the taxes due on such real estate. It is the positive duty of a trustee to pay the taxes accruing against the corpus of the trust estate; and, if without funds of the estate in his hands, he may advance the necessary funds out of his own to pay the taxes, which, when done by him, becomes a charge on the property.—2 Beach on Trusts, § 510. The rule is settled in this state that a stranger who makes advancements, or extends credit, or renders services, or furnishes necessaries to trustees, though made in execution of the trust, or to enable them to perform their legal duties under the trust, creates only a personal liability against the trustees. The creditors "can look to them (trustees) only for payment and they (trustees) must look for reimbursement, after making the payment, to the trust estate."—Mosely v. Norman, 74 Ala. 422; Sanford v. Howard, 29 Ala. 684, 68 Am. Dec. 101; Askew v. Myrick, 54 Ala. 30; Jones v. Wawson, 19 Ala. 672, and authorities therein cited; Taylor v. Crook, 136 Ala. 375, 34 South. 905, 96 Am. St. ep. 26. And it is further settled that (unless otherwise provided by section 4183 et seq. of the Code of 1896, which is unnecessary to be considered) the trust estate can be made liable in equity by subrogation to the trustee's rights only where the trustee is insolvent, as established by the exhaustion of all legal remedies, and on settlement of

[Dantzler, et al. v. McInnis.]

his administration the estate is indebted to him, and only then when the advancement or property made or furnished by the creditor has inured to the benefit of the trust estate or to the cestuis que trust.—*Mosely v. Norman, supra; Askew v. Myrick, supra;* and other authorities supra. It results from the principle above announced that the cestui que trust is not liable directly, even though he and his estate were beneficiaries of the creditors's funds or property. ....

But it is insisted by appellee that there may be recovery in this action of assumpsit, because the appellants expressly or impliedly ratified the obligation incurred as stated by Mrs. Loper to the late firm, and so assumed its repayment to the firm as the result of this stipulation in a conveyance to a stranger of the property to retain which the taxes were paid, viz.: "A vendor's lien is hereby retained to secure the payment of the said four hundred dollars ($400.00) purchase money, without interest, as evidenced by said promissory note hereinabove particularly described." The reference to the note first above made relates to the following language found in the conveyance, the purchase price being $1,000: "* * * And $400 as evidenced by a certain promissory note of even date herewith, * * * payable on demand to the order of G. Bruner Dantzler, agent; demand for payment not to be made until a settlement of a certain tax matter pending between the parties of the first part and the firm of McInnis & Dantzler is had and determined:" This deed is executed by appellants. In the body of the deed the real estate in question is taken by them (appellants) as cestuis que trust, in lieu of funds theretofore in the hands of Susan A. Loper in trust for them. Without prolonging this opinion in an argument of the effect of the language quoted from the deed, we hold that it was

[Solomon v. American Guild.]

nothing more than a requirement to forbear the collection of enough of the purchase money .to cover the amount of the claimed indebtedness for taxes by the firm, and by no means is an acknowledgment of the. grantors' (therein) liability for the same. The obvious purpose of the arrangement was that the grantee's interest might also be conserved in the respect that she (the grantee) might not buy and pay for incumbered or liable property. No right of any party interested was or is affected by the language quoted or its effect. The same may be said of the power of attorney.

There being, then, no liability of appellants enforceable against them in this action, the general affirmative charge requested by them should have been given. The judgment will be reversed, and the cause remanded.

Reversed and remanded.

Tyson, C. J., and Dowdell and Anderson, J.J., concur.