## Auxier v. Aetna Insurance Company, et al.

(Decided December 9, 1927.)

### Appeal from Pike Circuit Court.

1. Trusts.—Trustee may employ agent to perform services which he himself cannot perform, but ordinarily such agent must look to trustee for compensation, and not to trust estate, unless trustee

has express power to bind estate, or power is necessarily implied from terms of trust.

2. Trusts.—In suit to recover commissions for procuring sale of realty under power of attorney from trustee of owner of property, in which it was sought to hold beneficiaries of trust personally liable, in absence of instrument creating trust, it must be assumed that trustee was mere trustee, with power to wind up trust estate, and not agent, empowered to bind beneficiaries.

3. Trusts.—Trustee is not agent, and calling him agent will not make him so, and hence has no power to bind beneficiaries of trust.

4. Trusts.—Petition by broker against beneficiaries of trust to recover ·commissions for procuring sale of realty of trust estate, alleging that trustee gave power of attorney to sell realty, and that trustee had authority as agent of owner to sell realty, but not setting forth terms of trust agreement, failed to show that trustee was authorized to bind beneficiaries for commissions, and was demurrable.

MOORE & CHILDERS for appellant.

J. C. CANTRELL, GORDON & LAURENT and T. M. GALPHIN, JR., for appellees.

OPINION OF THE ·COURT BY CHIEF JUSTICE · CLAY— Affirming.

Andrew E. Auxier brought this suit against the Ætna Insurance Company and nine other insurance companies to recover the sum of $883.32 for his services in selling certain real estate to the Pike county board of education. A demurrer was sustained to the petition as amended, and the petition was dismissed. Auxier appeals.

On September 2, Joseph S. Laurent, trustee, signed, acknowledged, and delivered to Andrew E. Auxier a power of attorney authorizing him, after obtaining similar authority from John A. Sowards and Elizabeth Sowards, the other owners' of the fee, and a written authority from Everett H. Sowards to release any and all liens held by him on the property, to sell and convey at a price of not less than $30,000 all his interest as trustee in the residence of John A., Everett H., and Elizabeth Sowards, situated in the city of Pikeville. The instrument directed that the net proceeds of the one-third interest conveyed by Edward H. Sowards and wife to Laurent, and of the one-third interest owned in fee by John A. Sowards, upon which Laurent held a mortgage lien, should be applied first to the discharge of certain liens and indebtedness against the property. The instrument further pro-

vided that Auxier should be entitled to be reasonably compensated for his services, but only in the event that he effected or was the procuring cause for the sale of the property. By a subsequent power of attorney, dated July 6, 1925, Joseph S. Laurent, trustee, authorized Auxier to sell the property for $26,500. The two powers of attorney were filed as exhibits, and made a part of the petition.

The following facts appear from the petition: It was by said defendants, through their trustee and agent aforesaid, agreed that "the said A. E. Auxier (meaning this plaintiff) shall be entitled to be reasonably compensated for his services, but only in the event he effects or is the procuring cause for the sale of said property." After many months of negotiation plaintiff sold the property to the Pike county board of education at the price of $26,500, and executed a deed of conveyance therefor. The above-named defendants and the Ohio Valley Fire & Marine Insurance Company were, through and in the name of said Joseph S. Laurent, as their trustee, the owners of the fee to an undivided one-third interest in and to said Sowards home place, which one-third interest was conveyed to their said trustee by Everett H. Sowards by deed dated December 24, 1923, of record in the clerk's office. This deed disclosed the names of the above-named defendants, and the Ohio Valley Fire & Marine Insurance Company as beneficiaries of the trust. The defendants and the Ohio Valley Fire & Marine Insurance Company further had a mortgage lien on the one-third interest of John A. Sowards in said Sowards home place, and said Sowards executed, acknowledged, and delivered to plaintiff a power of attorney similar to that executed by Laurent as trustee. Plaintiff effected, and was the procuring cause of, the sale of said property; $1,325 was and is a reasonable compensation for his services, and by reason of the defendants being the beneficiaries of two-thirds of the purchase price, representing the interest of Everett H. and John A. Sowards, they were liable for and should pay two-thirds thereof, or $883.32. This amount was demanded of them, but payment was refused.

Briefly stated, the allegations of the amended petition are these: Though Laurent held the title as trustee,

yet such holding was incidental to and a part of another and wider and larger scope of duty and relationship on the part of said Laurent to and with the defendants, which relationship was that of a general holding, managing, and selling agent, with duties of holding certain real estate, including that mentioned in the petition, as, incidental to and a part of his relationship of such holding and managing and selling agent, with respect to the affairs and business, and including the property and assets, of the Sowards Insurance Agency, composed of James S., Everett H., and John A. Sowards, which agency was the local agent for, and did a large business with, each of the defendants. Prior to 1923 the Sowards Insurance Agency and the individual members thereof became indebted to the defendants on account of premiums written in excess of $70,000. The defendants then demanded security for the indebtedness. Thereupon the partners executed mortgages on various parcels of real estate, including the two-thirds interest of said Everett H. and John A. Sowards in and to the real estate mentioned in the petition. They also executed various agreements for the benefit of the several defendants, in all of which the defendants acted through and in the name of Joseph S. Laurent, who was their duly authorized representative. Although Laurent styled himself as trustee, the authority he received and the duties and acts he performed under such authority constituted him a general receiving, managing, holding and selling agent of the Sowards Insurance Agency and for the defendants. Acting under due and proper authority from the defendants, Laurent received all the assets of the Sowards Insurance Agency, with power to manage and dispose of same by sale or otherwise. The defendants, by and through Laurent, conducted the Sowards Insurance Agency as a going concern. As an incident to his general authority to act for the defendants, Laurent had authority to sell all the real estate and interest in real estate held in the name of said Laurent. The particular real estate mentioned in the petition was subject to prior liens in an amount in excess of the value of said interests. These prior liens the defendants, acting in the name of said Laurent, assumed to pay. The proceeds of the two-thirds interest of Everett H. and John A. Sowards was consumed in the payment of former liens, so that there was no excess out of which plaintiff might receive his agreed commission. All the assets of the Sowards In-

surance Agency are subject to prior liens, and it owns no property out of which plaintiff's commission may be paid.

A trustee may employ an agent to perform services which he himself cannot perform, but ordinarily such agent must look to the trustee for his compensation and not to the trust estate. Cases may arise, of course, where the trustee is given the express power to bind the estate, or that power may be necessarily implied from the terms of the trust. Norton v. Phelps, 105 U. S. 393, 26 L. Ed. 1072. Also the circumstances may be such at times that such agent may subject to the payment of his debt the equitable demand of a trustee against his estate. Wade v. Pope, 44 Ala. 690. In this case there is no attempt to subject the trust estate. On the contrary, it is admitted that the trust estate has been exhausted by prior liens. The sole purpose of the suit is to hold the beneficiaries of the trust personally liable. The instruments creating the trust are not set forth. It is not claimed that they authorized the trustee to bind the beneficiaries of the trust. The case is simply one where it is admitted that Laurent was a trustee, but it is sought to raise the implication that he was in fact an agent, without setting forth the terms of the trust under which he acted. In the absence of the instruments creating the trust, we must assume that Laurent was a mere trustee, with power to wind up the trust estate. A trustee is not an agent, and calling him an agent will not make him so. Not being an agent, he has no power to bind the beneficiaries of the trust. Everett v. Drew, 129 Mass. 150; Dantzler v. McInnis, 151 Ala. 293, 44 So. 193, 13 L. R. A. (N. S.) 297, 125 Am. St. Rep. 28; Hall v. Jameson, 151 Cal. 606, 91 P. 518, 12 L. R. A. (N. S.) 1190, 121 Am. St. Rep. 137; Wells-Stone Mercantile Co. v. Grover, 7 N. D. 460, 75 N. W. 911, 41 L. R. A. 252; Truesdale v. Philadelphia Trust, Safe Deposit & Insurance Co., 63 Minn. 49, 65 N. W. 133; 2 C. J. 425; 39 Cyc. 333. It follows that the demurrer to the petition as amended was properly sustained.

Judgment affirmed.