Vincenzo Iacobucci *vs.* Elizabeth H. Cappelli, *Adm'x.*
Elizabeth Iacobucci *vs.* Elizabeth H. Cappelli, *Adm'x..*

JANUARY 28, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. These two actions of trespass on the case for negligence were brought by a husband and wife to recover damages for injuries to the wife resulting from a fall while she was descending a common stairway under the control of the defendant. The cases were tried together before a superior court justice sitting with a jury and at the conclusion of the evidence the defendant's motion for a directed verdict in each case was granted. Each case is before us on the plaintiff's exceptions to certain evidentiary rulings and to the granting of the motion for a directed verdict.

The pertinent facts appear in the declaration and as to the substantial allegations are identical. They are that on March 8, 1954 defendant was the duly appointed and qualified administratrix of the estate of Emelio N. Cappelli; that in her capacity as aforesaid she operated, managed and controlled certain real estate of the decedent, namely, a two-story building located at the corner of Atwells and Balbo avenues; that said building was occupied by business enterprises of divers natures to which the public was invited for business purposes; that a common stairway leading from the street floor to the upper floor was under the sole control of defendant; that it was her duty to exercise reasonable care to keep and maintain the stairway in a safe condition; that the plaintiff wife had lawfully entered the premises and had conducted her business with a tenant on

the second floor; that while in the exercise of due care on her part in descending the stairs she tripped and fell by reason of a dangerous condition of the common stairway, which defendant in violation of her lawful duty negligently permitted to exist; that such dangerous condition, being defective construction and arrangement which defendant knew or in the exercise of reasonable care should have known, was such that patrons were liable to trip and fall thereon; and that by reason of her fall said plaintiff suf- . fered extensive injuries and incurred certain expenses.

Upon objection of defendant, the trial justice excluded testimony by which plaintiffs sought to establish that defendant in her capacity as administratrix had executed a lease to the tenants on the second floor of the building; that she had collected the rents therefrom and deposited them in an account as administratrix; that she had operated, managed and retained control of the building with the consent of all parties in interest; that as administratrix she was responsible for the maintenance of the common passageway; that the repairs which had been made upon the property were paid for out of the funds which had accumulated from the collection of rents therefrom; and that defendant either as guardian of decedent's only heirs, or individually as his widow, never objected to her control of the property as administratrix.

At the trial defendant moved for a directed verdict in each case on the ground that she could not be impleaded in her capacity as administratrix. The trial justice granted the motions and observed in his decision that the real property descended to the heirs on the death of the intestate and that in the absence of a decree of the probate court authorizing the administratrix to collect rents, control and manage the real estate, she was without standing, relying on *Parmenter* v. *Barstow*, 22 R. I. 245. On the view which we take of his decision, we need not consider plaintiffs' evidentiary exceptions since all of them would be relevant only

if the trial justice was in error in granting defendant's motions for directed verdicts.

The plaintiffs contend that an estate is not beyond suit for the torts of executors, administrators and trustees in all circumstances. They concede that under *Parmenter* v. *Barstow, supra,* a trustee is not liable in his representative capacity for an injury caused by his negligence in the management of the property held in trust. That was an action brought against the trustees, in their official capacity, for an injury to a person walking on the sidewalk. It was alleged that such injury was caused by the negligence of their servants engaged in chiseling stone on premises to which they held legal title as trustees. In that case the court held at page 247, "The law will not allow trust property to be impaired or dissipated through the negligence or improvidence of trustees, nor will it permit them to create any new or additional liabilities against the same. The beneficial interest thereof belongs to the *cestuis,* and it must be held intact for them." Therefore the trustees having title to the real estate were not liable in their official capacity to persons rightfully on the premises for injuries received on account of the negligence of the trustees or their servants.

The plaintiffs, however, criticize this doctrine as "technical" and urge that justice would be thwarted unless we set it aside and permit an exception to the "ancient rule." Our attention is called to the holding of the Texas court in *Ewing* v. *Foley,* 115 Tex. 222, and a case cited therein, *Miller* v. *Smythe,* 92 Ga. 154, and it is urged that the doctrine therein expounded be adopted in this jurisdiction. They contend that at least in the instant case, where the evidence established that defendant in addition to being administratrix of the estate was also the widow of the decedent and the guardian of his only heirs, direct recourse to the estate is the only practical remedy since all the interested parties could be represented by defendant.

282

However, we are of the opinion that this argument overlooks the substantial distinction which exists between our practice, which adheres to the separation of actions at law and suits in equity, and the practice of the states in which but one form of action exists as was pointed out in *Wahl* v. *Schmidt*, 307 Ill. 331. At page 340 the court stated,

"The common rule is that trustees are liable only for good faith and common prudence, and that if a loss happens to the trust fund in relation to which they have exhibited this care and prudence they may be allowed for the loss in their accounts. (2 Perry on Trusts,—6th ed.—sec. 914.) The right to indemnity, however, is the right of the trustee, and the fact of his being able to secure indemnity from the estate does not make the trust estate liable directly to the person injured by the negligence of the trustee's servants or agents. As was held in *Johnson* v. *Leman, supra,* in general their only remedy is personal against the trustee. This rule was recognized in *Norton* v. *Phelps*, 105 U. S. 393, but an exception was admitted in cases where the estate is either indebted to the trustee or would be if he should pay the demand, and the trustee is insolvent or nonresident. In such cases the trust estate may be reached directly by a proceeding in chancery.

"The cases in which a trust estate has been charged with liability for either the contract or the tort of the trustee have been in equity, except in those States where the distinction between actions at law and suits in equity has been abolished and but one form of action exists. An action against a trustee in his representative capacity is unknown to a court of law, for the law takes no cognizance of the trust relation or the trust estate. The trust estate can make no contract and commit no tort."

We are therefore of the opinion that the trial justice in the instant cases was not in error.

In each case the plaintiff's exception to the granting of the defendant's motion for a directed verdict is overruled,

and each case is remitted to the superior court for entry of judgment on the verdict as directed.

*Dick & Carty, Joseph B. Carty, Joseph E. Marran, Jr.,* for plaintiffs.

*William S. Flynn, Christopher J. Brennan,* for defendant.