L. G. COOK, as Executor of the Estate of W. F. Foster, Deceased and as Trustee under the Will of W. F. Foster, Deceased, Appellant,

v.

Betty Ann HOLLAND, Judy Bowen, L. G. Cook, Individually, Joseph Leland Baucum, Dennis Vaughn, Clemontine Dabney, Katie Foster Long, and Charles S. Foster, Appellees.

L. G. COOK, Individually, Cross-Appellant,

v.

Betty Ann HOLLAND, Judy Bowen, L. G. Cook, Executor and Trustee of W. F. Foster Estate, Charles S. Foster, Katie Foster Long, Joseph Leland Baucum, Dennis Vaughn and Clemontine Dabney, Cross-Appellees.

Joseph Leland BAUCUM, Cross-Appellant,

v.

Betty Ann HOLLAND, Judy Bowen, L. G. Cook, Executor and Trustee of W. F. Foster Estate, Charles S. Foster, Katie Foster Long, Dennis Vaughn, Clemontine Dabney, and L. G. Cook, Individually, Cross-Appellees.

Betty Ann HOLLAND and Judy Bowen, Cross-Appellants,

v.

L. G. COOK, Executor and Trustee of W. F. Foster Estate, Charles S. Foster, and Katie Foster Long, Cross-Appellees.

Court of Appeals of Kentucky.

June 30, 1978.

Rehearings Denied Sept. 8, 1978.

Discretionary Reviews Denied Jan. 30, 1979.

James B. Brien, Jr., Mayfield, for appellant and cross-appellee, L. G. Cook, as Executor and Trustee of W. F. Foster Estate.

Earl T. Shoup, Paducah, for appellee and cross-appellant, L. G. Cook, Individually.

Williams, Housman & Sparks, Paducah, Stone & Greenwald, Louisville, for appellees and cross-appellants, Betty. Ann Holland and Judy Bowen.

Earl T. Osborne, Paducah, for appellee and cross-appellant, Joseph Leland Baucum.

Tom Garrett, Paducah, for appellee and cross-appellee, Clemontine Dabney.

Lovett, Johnson & Shapiro, Benton, for appellees and cross-appellees, Charles S. Foster and Katie Foster Long.

Before PARK, VANCE and WINTERSHEIMER, JJ.

PARK, Judge.

These consolidated appeals are from a judgment entered by the Graves Circuit Court in an action for personal injuries suffered by the plaintiffs (appellees and cross-appellants), Betty Ann Holland and Judy Bowen. Their personal injury claims arise out of a collision on October 23, 1971, between a truck operated by the defendant (appellee and cross-appellant), Joseph Leland Baucum, and an automobile driven by the defendant (appellee), Clemontine Dabney. Holland and Bowen were both passengers in the Dabney automobile. After the trial court directed a verdict against Baucum, the jury returned a verdict in favor of Holland for $156,062.84 and in favor of Bowen for $30,000.00. The jury also returned a verdict for Dabney for $1,758.00 on her cross-claim against Baucum.

For many years, Baucum had been employed as farm manager of the Foster Four Star Farm owned by W. F. Foster prior to his death in 1967. L. G. Cook qualified as executor and trustee under the will of W. F. Foster. Cook continued to employ Baucum as farm manager. Cook was a defendant in circuit court both individually and in his fiduciary capacity as executor and trustee. In this court, Cook is an appellee and cross-appellant in both capacities. The beneficiaries under the will were Foster's son and widow, the defendants (appellees) Charles S. Foster and Katie Foster Long.

Numerous issues are raised on appeal, but they may be conveniently grouped in three categories: (1) the extent to which other persons associated with the Foster estate are liable for the negligence of Baucum; (2) whether the claim against Cook individually is barred by the statute of limitations; (3) whether a new trial should be granted.

## I

### The Judgment

The circuit court held that Cook was personally liable to Holland and Bowen for the negligence of Baucum. The judgment was rendered jointly and severally against Baucum and Cook. However, the judgment also granted Cook indemnity from Baucum and the Foster estate for all sums paid by him or on his behalf on the judgment recovered by Holland and Bowen. In effect, Cook was authorized to satisfy his liability under the judgment out of the assets of the trust estate. Nevertheless, the circuit court held that Holland and Bowen could not maintain an action against Cook in his fiduciary capacity. The plaintiffs' complaint against the beneficiaries of the trust was also dismissed.

On appeal, Cook contends that he has no personal liability for Baucum's negligence. Foster's son, who is the principal beneficiary of the trust, and Cook, in his fiduciary capacity, both assert that the assets of the trust estate cannot be used to satisfy Cook's

personal liability under the judgment. Holland and Bowen claim that the circuit court erred in dismissing their complaint against Cook in his fiduciary capacity and against the trust beneficiaries.

### Individual Liability of Cook

■ Under the orthodox common law rule, a trustee is personally liable to third persons for torts committed by him in the administration of the trust. *Louisville Trust Co. v. Morgan,* 180 Ky. 609, 203 S.W. 555 at 557, 7 A.L.R. 396 (1918); *Pirtle's Adm'x v. Hargis Bank and Trust Co.,* 241 Ky. 455, 44 S.W.2d 541 at 545 (1931); *Restatement (Second) of Trusts* § 264 (1959); G. Bogert, *Trust and Trustees* § 731 (2d ed. 1960); A. Scott, *The Law of Trusts* § 264 (3d ed. 1967). Cook concedes that a trustee is personally liable for his own negligence or other fault. However, Cook contends that a trustee should have no personal liability in the absence of personal fault. In this case, the collision between the Baucum truck and the Dabney automobile was not the result of any personal fault on the part of Cook.

■ Cook's contention is not supported by the orthodox common law rule. A trustee is personally liable for torts committed by an agent or employee in the course of the administration of the trust. The principle of respondeat superior is applied to the trustee just as though he were the owner of the trust property free of the trust. His liability is the same as it would be if he were not a trustee. It is immaterial that the trustee receives no benefit from the trust. *Restatement (Second) of Trusts* § 264, Comment *b*; Bogert, *op. cit.,* § 731 at 534–35; H. Stone, "A Theory of Liability of Trusts Estates for the Contracts and Torts of the Trustee," 22 Colum.L.Rev. 527, 540–41 (1922); Annot., 7 A.L.R. 408 at 411 (1920), supplemented in 123 A.L.R. 458 at 462 (1939).

■ Professor Scott has given the following explanation for the rule imposing personal liability on the trustee under the doctrine of respondeat superior:

> It may seem to impose a hardship upon the trustee that he should be held personally liable, and it is arguable that where he is not at fault he should be liable only to the extent to which he can obtain indemnity out of the trust estate. On the other hand, there is no reason why the victim of the tort should be denied relief merely because the trust estate is insufficient to indemnify the trustee. The risk of personal liability in tort is a risk which the trustee runs in undertaking the administration of the trust. Ordinarily he can protect himself by taking out liability insurance and paying the premiums out of the trust estate.

Scott, *op. cit.,* § 264 at p. 2243. Holland and Bowen had no control over the amount of liability insurance covering the operations of the Foster farm. Cook did. Because the circuit court also held that Cook was entitled to indemnity from the trust estate, the practical consequence of the circuit court's judgment is to place the risk of insolvency of the trust estate on the trustee rather than on the tort victims. We conclude that the trial court was correct when it adjudged Cook liable for Baucum's negligence.[1]

### Cook's Right of Indemnity

■ Even though a trustee may be personally liable for a tort committed by his agent or employee in the administration of the trust, it does not follow that the loss must ultimately be borne by the trustee. If the liability is vicarious and the trustee has violated no fiduciary duty, the trustee is entitled to indemnity out of the trust estate. Not only is the trustee entitled to indemnity, but the trustee may properly use trust property to discharge his personal liability. *Restatement (Second) of Trusts* § 247, Comments *a* and *b*; Bogert, *op. cit.,* § 734; Scott, *op. cit.,* § 247; Annot., 44

---

1. We note the enactment of section 7–306 of the Uniform Probate Code by the legislature subsequent to the date of the accident. Although not cited by any party, the statute purports to abolish the tort liability of a trustee except in cases in which he is personally at fault. 1976 Ky.Acts, ch. 218, § 17 [KRS 386.-730(2)].

A.L.R. 637 at 676 (1926), supplemented in 127 A.L.R. 687 at 693 (1940). As a reason for imposing personal liability on a trustee, courts have stated that a trustee should not be allowed to impair the trust estate by his own tort or negligence. *E. g., Louisville Trust Co. v. Morgan, supra*, 203 S.W. at 557. However, if the trustee is without personal fault and his personal liability is vicarious, there is no sound reason for denying him a right of indemnity. *In re Lather's Will*, 137 Misc. 226, 243 N.Y. 366, 375–76 (1930).

█ Although there are no Kentucky cases directly upholding the trustee's right of indemnity when without personal fault, there are decisions which lend support to such a right. As a general rule, a trustee is not liable to the trust beneficiaries for losses caused by acts of agents properly employed in the administration of the trust. The trustee is liable to the beneficiaries for such losses only if he has failed to satisfy his fiduciary duty to exercise good faith and reasonable diligence in the administration of the trust. *Kaufman v. Kaufman's Adm'r*, 292 Ky. 351, 166 S.W.2d 860 at 863–64, 144 A.L.R. 866 (1942); *McRoberts v. Carneal*, Ky., 44 S.W. 442 (1898), *mod. sub nom., Stewart's Adm'r v. Carneal*, 21 Ky.L. Rep. 497, 51 S.W. 800 (1899); *Restatement (Second) of Trusts* § 225. If Cook would not have been personally liable for the destruction of any trust property as a result of Baucum's negligence, no sound reason exists for denying Cook indemnity in the absence of proof that Cook breached his fiduciary duty to the beneficiaries. The right of indemnity should be denied only in those circumstances in which the trustee would be liable for the acts of an agent.[2]

█ In *Pirtle's Adm'x v. Hargis Bank and Trust Co., supra*, 44 S.W.2d at 545, the court stated:

It has been held that when a trustee is charged with the duty of carrying on a business, the estate may be liable for the negligent acts of other employees.

In the present case, W. F. Foster's will contemplated that his trustee would continue the operation of the farm. His will provided:

I hereby respectfully request that the Foster Four Star Farm, consisting of my residence, all farm land and buildings, be saved and deeded to Charles Sheridan Foster, my son, so that this property may be retained in the Foster Family, as it has been for so many years. . . .

Cook was also authorized under the will to sell the farm if he deemed it advisable. However, Cook's continued operation of the farm was in compliance with Foster's testamentary wishes. If the accident had occurred during Foster's lifetime, the farm could have been used to satisfy Foster's liability for any negligence of his farm manager, Baucum. By his will, Foster could not insulate the continued operations of the farm from any tort liability. Cook, in his fiduciary capacities, simply stood in the shoes of Foster. *Cf. Ireland v. Bowman & Cockrell*, 130 Ky. 153 at 157, 113 S.W. 56, 17 Ann.Cas. 786 (1908).

This case does not involve the negligence of an officer or regular employee of a corporate trustee. *See Restatement (Second) of Trusts* § 225, Comment *b*; Scott, *op. cit.*, § 225.1; *Pirtle's Adm'x v. Hargis Bank and Trust Co., supra*. Baucum was employed by Cook solely in the administration of the trust, and Baucum's compensation would be a proper expense of the trust. Because Cook breached no fiduciary duty to the beneficiaries, the ultimate burden of the

---

2. *Restatement (Second) Trusts* § 225(2) states in part:

The trustee is liable to the beneficiary for an act of such an agent which if done by the trustee would constitute a breach of trust, if the trustee

(a) directs or permits the act of the agent; or
(b) delegates to the agent the performance of acts which he was under a duty not to delegate; or

(c) does not use reasonable care in the selection or retention of the agent; or
(d) does not exercise proper supervision over the conduct of the agent; or
(e) approves or acquiesces in or conceals the act of the agent; or
(f) neglects to take proper steps to compel the agent to redress the wrong.

loss should be borne by the trust estate rather than by Cook personally. The circuit court correctly held that Cook was entitled to indemnity out of the trust estate.

### Right of Holland and Bowen to Reach Assets of The Foster Estate

■ Under the orthodox common law rule, an action at law cannot be maintained for a tort against the trustee in his fiduciary capacity. Bogert, *op. cit.*, § 732; *Louisville Trust Co. v. Morgan, supra* ; Annot., 44 A.L.R. 636 at 640, supplemented in 127 A.L.R. 687, at 688. The general rule has been justified primarily on two grounds: (1) that courts of law do not recognize the trustee in his fiduciary capacity as a legal person distinct from the trustee in his individual capacity; and (2) that the trust estate ought not to be dissipated by the wrongful acts of the trustee. Bogert, *op. cit.*, § 732 at 537. We shall consider whether either reason for the rule is sound when applied to the facts of this case.

We cannot justify application of the rule on the theory that Cook in his fiduciary capacity had no separate identity distinct from Cook in his individual capacity. First, such a rule was applied only by the courts of law. Courts of equity recognized the difference between a trustee's acting in his fiduciary capacity and his acting in his individual capacity. So long as a distinction was made between actions at law and suits in equity, there was a theoretical basis for refusing to permit direct actions against a trustee in his fiduciary capacity for tort liability. *See Iacobucci v. Cappelli*, 90 R.I. 278, 157 A.2d 672 (1960); *Schmidt v. Kellner*, 307 Ill. 331, 138 N.E. 604 (1923). The theoretical basis for the rule disappears with the merger of law and equity. CR 2. Even when the distinction is maintained between law and equity, the rule is applied illogically. The tort creditor recovers a personal judgment against the trustee because the law does not recognize the trustee as having a separate identity in his fiduciary capacity. Nevertheless, the law then immediately recognizes the existence of the trust by refusing to permit the tort creditor to levy execution on the trust property. C. Fulda & W. Pond, "Tort Liability of Trust Estates," 41 Colum.L.Rev. 1332, 1334–35 (1941). We can find no theoretical objection to the maintenance of a tort action against a trustee in his fiduciary capacity. *Ireland v. Bowman & Cockrell*, supra (action for damages for maintenance of a nuisance).

■ The argument that the assets of the trust ought not to be dissipated by the wrongful actions of the trustee is persuasive. However, in the present case, there was no breach of Cook's fiduciary duties. As discussed above, Cook is entitled to indemnity out of the trust estate, and he may satisfy his judgment liability to Holland and Bowen out of trust assets. Little reason exists for disallowing a direct action against the trust estate when the ultimate burden of liability will be imposed upon the trust estate. As an exception to the general rule, tort creditors have been permitted in an equitable action to reach trust assets when the trustee is without personal fault and has a right of indemnity. *Restatement (Second) of Trusts* § 268. However, under the exception, the tort creditor must first exhaust his remedies against the trustee, and the tort creditor's rights against the trust estate are measured by the trustee's right of indemnification. Scott, *op. cit.*, §§ 268.1 and 268.2; Stone, *op. cit.*, at 531–32, 541–42.

Despite the supposed theoretic difficulties, some courts have authorized a direct action against the trustee in his fiduciary capacity. The leading case is the decision of the Texas Supreme Court in *Ewing v. Foley*, 115 Tex. 222, 280 S.W. 499, 44 A.L.R. 627, 634 (1926), in which the court stated:

> The holding that a trustee, in cases where he is not chargeable with personal fault or negligence, may legally be reimbursed out of the trust estate for such damages as may be recovered against him, is in effect a holding that in such cases the trust estate is itself liable for such damages, and, since the trust estate is so liable, we think our practice allows it to be proceeded against in a suit brought

directly against the trustee in his representative capacity.

The orthodox rule has been criticized for measuring the tort creditor's rights by the trustee's right of indemnity. When a tort has been committed in the administration of a trust, many have advocated a policy of casting the resulting economic loss upon the trust estate rather than upon the tort victim. Stone, *op. cit.*, at 543; Fulda & Pond, *op. cit.*, at 1353–56. This view was adopted by the Supreme Court of Alaska in *Vance v. Estate of Myers*, Alaska, 494 P.2d 816, 820 (1972), in which the court stated:

> We hold that an administrator, executor, or trustee may be sued in his representative capacity, and collection may be had from the trust assets, for a tort committed in the course of administration, if it is determined by the court that the tort was a common incident of the kind of business activity in which the administrator, executor, or trustee was properly engaged on behalf of the estate.

See also *Restatement (Second) of Trusts* § 271A, Comment c.

We also note that sections 3–808 and 7–306 of the Uniform Probate Code authorize direct actions against a personal representative or trustee in his fiduciary capacity for torts committed in the course of the administration of the trust. As the comment accompanying section 3–808 makes clear, these sections were designed to make the trust estate a "quasi-corporation" for the purposes of tort liability. The personal representative or trustee is treated as though he were an agent for a corporation. This approach is in direct conflict with the common law rule in Kentucky that a trustee was not an agent having the power to bind the beneficiaries of the trust. *Auxier v. Aetna Ins. Co.*, 222 Ky. 243, 300 S.W. 617, 619 (1927). Subsequent to the date of the accident giving rise to this litigation, the legislature enacted section 7–306 of the Uniform Probate Code. 1976 Ky. Acts, ch. 218, § 17 (KRS 386.730). However, the legislature did not enact section 3–808 of the Uniform Probate Code. Consequently, we now have the anomalous situation in which, for an identical tort, there is statutory authority for a direct action against a testamentary trustee in his fiduciary capacity, but no such statutory authority for a direct action against an executor in his fiduciary capacity.

■ Persuasive arguments are presented in favor of permitting Holland and Bowen to maintain a direct action against Cook in his fiduciary capacity. Nevertheless, we need not decide the question. If the circuit court erred in dismissing the complaint against Cook in his fiduciary capacity, such error was harmless. Holland and Bowen have recovered a personal judgment against Cook. In turn, Cook has a judgment which entitles him to indemnity from the Foster estate and which authorizes him to satisfy his judgment liability out of the trust estate. Under such circumstances, we conclude that Holland and Bowen are entitled to enforce their judgment directly against the trust estate. It would be absurd to require them to seek satisfaction of their judgment first out of Cook's personal estate when he is immediately entitled to recoup his loss from the trust estate. All of the interested parties were before the court. *See In re Raybould*, [1900] 1 Ch. 199, discussed with approval in *Ewing v. Foley*, *supra* 44 A.L.R. at 632–33. No further proceedings are necessary. Holland and Bowen may now satisfy their judgment against Cook out of the trust estate to the extent that the liability is not covered by insurance.

*Protection of Rights of Trust Beneficiary*

A third reason has been advanced for denying a direct action against a trustee in his fiduciary capacity. In *Kirchner v. Muller*, 280 N.Y. 23, 19 N.E.2d 665, 127 A.L.R. 681, 685 (1939) the New York Court of Appeals stated:

> Such a procedure would involve a trial in the same action of both the tort liability and whether the nature of the tort was such as to entitle the trustees or executors to reimbursement, out of the estate, which might entail an undesirable clash of interests between the trustee in his

individual capacity and in his representative capacity.

If the trustee is sued both individually and in his fiduciary capacity, it would be in the interest of the trustee to cast all liability upon the trust to the detriment of the trust beneficiaries. If such a conflict of interest exists, it may be appropriate to make the beneficiaries a party to the action. *See* Annot. 9 A.L.R.2d 10, § 42 (1950). At the very least, the beneficiaries should be notified of the pendency of the action and permitted to intervene. Comment, "Fiduciary and Estate Liability in Contract and in Tort," 55 Marquette L.Rev. 297, 303–04 (1972). The problem may also be minimized by separate representation which will protect the interests of the beneficiaries which are in conflict with the individual interests of the trustee. *See Vance v. Estate of Myers, supra* 494 P.2d at 819–20.

The ultimate beneficiary of the trust estate was Foster's son, Charles S. Foster. In their original complaint, Holland and Bowen sued Cook only in his fiduciary capacity as executor and trustee. Foster was also joined as a party defendant. Subsequently, the circuit court sustained a motion of Foster to dismiss the complaint against him. At that time, Foster was aware that the only claim being made by Holland and Cook was against the trust estate. None of the pleadings filed on behalf of Foster alleged that the accident was the result of the personal fault of Cook or that the trust estate was not liable for any negligence of Baucum. Foster never argued that Cook breached any fiduciary duty by continuing to employ Baucum as farm manager. Although Foster was dismissed as a party early in the proceedings, that order did not become final until entry of the final judgment.

■ Following the dismissal of the complaint against Foster, the complaint was amended to seek relief against Cook individually. Because there were separate policies of liability insurance affording coverage to the "Foster Estate" on the one hand and to Cook, individually, on the other, there was dual representation of Cook

throughout the balance of the proceedings. The attorneys representing Cook in his fiduciary capacity presented an active and skillful defense which was in the interest of Foster as beneficiary of the trust estate. Consequently, we can find no prejudice to Foster as a result of the conflict between Cook's personal interests and his interests as executor and trustee of the estate.

■ Foster argues that Cook should be personally liable to the extent that the judgment in favor of Holland and Bowen exceeds the liability insurance coverage which Cook obtained for the protection of the trust estate. We disagree. Foster never asserted a claim against Cook for negligence in failing to secure liability insurance with greater limits of liability. Cook, in fact, increased the limits of liability on the policies existing at the time of W. F. Foster's death. At the time of the accident, the applicable policies provided liability coverage of $100,000–300,000. See the companion case, *Kentucky Farm Bureau Ins. Co. v. Cook*, Ky.App. (this day decided). We find nothing in the record to suggest that a reasonably prudent man exercising ordinary care for his own affairs would have considered $100,000–300,000 liability protection inadequate. *See In re Lather's Will, supra*, 243 N.Y.S. at 376. The circuit court did not err in holding that Cook was entitled to indemnity for the full amount of the judgments recovered against him.

*Dismissal of Beneficiaries as Parties*

■ Holland and Bowen contend the trial court erred in dismissing the complaint against the beneficiaries of the Foster estate. The beneficiaries have no personal liability for Baucum's negligence. *Restatement (Second) of Trusts* § 276. The record does not indicate that the estate is now insolvent because of distributions subsequent to the accident made to the beneficiaries who had knowledge of the claims of Holland and Bowen. *Id.* § 279. The circuit court did not err in dismissing the complaint against the beneficiaries.

## II

### Statute of Limitations: Claim Against Cook Individually

In the original complaint filed October 12, 1972, L. G. Cook was named as a defendant in his capacity as "executor of the estate of W. F. Foster, deceased, and as trustee under the will of W. F. Foster, deceased." On June 27, 1974, Holland and Bowen sought to amend their complaint by "adding" Cook "individually" as a named defendant. The motion to file the amended complaint was sustained by the circuit court on August 12, 1974. Because more than one year has passed since the date of the accident, October 23, 1971, Cook contends that the amended complaint was barred by the one year statute of limitations applicable to the claims of Holland and Bowen. KRS 413.140(a). Holland and Bowen assert that the amended complaint relates back to the date of the filing of the original complaint which was within the statutory period of limitation.

Subsection (1) of CR 15.03 provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.

The same "conduct, transaction or occurrence" was set forth in both pleadings. The only question presented is whether there was a change of parties which requires the plaintiffs to meet the additional standards of subsection (2) of CR 15.03.

L. G. Cook as "executor and trustee" is the same person as L. G. Cook "individually." The designation of Cook "individually" rather than as "executor and trustee" does no more than indicate the source out of which any judgment was to be satisfied. Indeed, had a judgment been rendered against Cook "as executor and trustee," the words "as executor and trustee" might be considered surplusage to be ignored in enforcing the judgment against the personal assets of Cook. *Kirchner v. Muller, supra; Schmidt v. Kellner, supra.* The W. F. Foster estate had no separate existence. It was not a legal person. The only person was Cook. *Whiting v. Hudson Trust Co.,* 234 N.Y. 394, 138 N.E. 33, 25 A.L.R. 1470, 1478 (1923) (Cardozo, J.); *Vass v. Conron Bros. Co.,* 59 F.2d 969, 970 (2d Cir. 1932) (L. Hand, J.).

The amended complaint made no change in the parties before the court. 3 Moore's *Federal Practice* ¶ 15.15[4.–1] (1974). Thus, we need not decide whether the requirements of subsection (2) of CR 15.03 have been satisfied. An amended pleading changing the theory of liability relates back so long as no new "conduct, transaction or occurrence" is alleged. Clay, *Ky. Prac.* CR 15.03, Comment 6 (3d ed. 1974). Holland and Bowen had but a single cause of action against Cook as a result of the collision. The amended complaint did no more than change the manner in which they intended to satisfy their judgment against Cook. *Cf. Wimsatt v. Haydon Oil Co.,* Ky., 414 S.W.2d 908, 911 (1967).

The trial court did not err in permitting the amended complaint to be filed. The amended complaint was not barred by the statute of limitations. In *Smiley v. Hart Co. Brd. of Education,* Ky., 518 S.W.2d 785 (1974), the defendants were originally sued in their capacity as members of the board of education. The Court held that the trial court erred in refusing to permit the plaintiff to file an amended complaint against the defendants in their individual capacity. The amended complaint was not barred by the statute of limitations, but related back under CR 15.03. See the discussion of the *Smiley* case in H. L'Enfant, "Kentucky Law Survey: Civil Procedure," 64 Ky.L.J. 357, 364–66 (1975). When it permitted the filing of the amended complaint, the circuit court acted in accordance with the policy that leave to amend should be freely given when justice requires. CR 15.01.

We find no merit in Cook's contention that the circuit court abused its discretion when it permitted the filing of the amended complaint seeking relief against Cook individually. Cook's individual liability insurance carrier defended him on the amended

complaint. More than one and one half years elapsed between the filing of the amended complaint against Cook individually and the trial of the case. Consequently, Cook and his individual liability insurance carrier had ample time to prepare for trial. Cook also claims that he was prejudiced by the filing of the amended complaint in that his individual liability insurance carrier is defending him under a reservation of rights because of the delay in notifying it of the claim against Cook individually. Cook's original defense to the action was conducted by the liability insurance carrier insuring him in his fiduciary capacity. In effect, Cook has accused his fiduciary liability insurance carrier of conducting the original defense for its own benefit because of its delay in raising the issue of the nonliability of Cook in his fiduciary capacity. We conclude that the squabble between Cook's insurance carriers did not require the circuit court to refuse to order the filing of the amended complaint. Having in mind the right of indemnity afforded Cook individually, we find no abuse of discretion by the circuit court in permitting the filing of the amended complaint.

### III

*Last Clear Chance Instruction*

The trial court instructed the jury that Baucum was negligent as a matter of law in the operation of the truck and that his negligence was "a proximate cause" of the collision. The circuit court also instructed the jury on the duties of Dabney in the operation of her automobile and submitted the question of her negligence to the jury. In the event that the jury found the collision resulted from the negligence of both Baucum and Dabney, the jury was authorized to apportion liability between them on the basis of the percentage of causation of the accident attributable to each defendant. This instruction was based upon the form used in *Orr v. Coleman,* Ky., 455 S.W.2d 59, 61–62 (1970). Because the jury returned a verdict for Dabney on her cross-claim against Baucum, the jury found that Dabney was not negligent.

On appeal, no one argues that the circuit court erred in instructing the jury that Baucum was negligent as a matter of law. However, the contention is made that Baucum was entitled to a last clear chance instruction. This argument is without merit for a number of reasons.

In directing a verdict against Baucum on the issue of negligence, the circuit court necessarily concluded that Baucum entered the highway when the Dabney vehicle was so near as to constitute an immediate hazard of collision. Baucum's act of entering the highway occurred such a short time before the collision that it is doubted that Dabney can fairly be said to have had a last clear chance to avert the collision. *See Smith v. Wright,* Ky., 512 S.W.2d 943, 946 (1974).

Even more important is the fact that the doctrine of last clear chance is intended to relieve a plaintiff of the harsh effect of the doctrine of contributory negligence. The doctrine of last clear chance has absolutely no application to the case of a negligent defendant. In effect, Baucum is asking to be relieved from the consequences of his negligence because of the alleged subsequent negligence of Dabney in not avoiding the collision. The claim of last clear chance is in reality a claim that Dabney's alleged negligence constituted a superseding cause excusing Baucum's prior negligence. Assuming that Baucum negligently drove onto the highway when the Dabney car was so near as to constitute an immediate hazard of collision, Dabney's subsequent failure to avoid the collision can hardly be said to be extraordinary or unforeseeable. Consequently, as a matter of law, any subsequent negligence on the part of Dabney would not have constituted a superseding cause. *House v. Kellerman,* Ky., 519 S.W.2d 380 (1975); *Hall v. Midwest Bottled Gas Distributors,* Ky., 532 S.W.2d 449 (1975).

Last, the circuit court instructed the jury respecting Dabney's duty to operate her automobile in a careful manner, including her duty as to lookout and speed. Any duty

which would have been imposed upon Dabney by the last clear chance instruction was incorporated in the duties imposed upon Dabney in the instructions to the jury. The jury found that Dabney was not negligent. Consequently, there is no way that the failure to give the instructions could have been prejudicial.

### Exclusion of Testimony Respecting Prior Speed

■ Baucum and Cook assert that the circuit court erred in excluding certain testimony of Dennis Vaughn which was offered to show the speed of the Dabney automobile a short time before the collision. Driving his own pickup truck, Vaughn had preceded Baucum onto the highway and traveled for some distance prior to the accident. Vaughn testified by avowal that he met two vehicles on his way to his own home, approximately ¾ mile away. He had traveled about ³⁄₁₀ of a mile when he met the first vehicle, which he was unable to describe. Approximately ½ mile from the entrance to the Foster farm, Vaughn met the second vehicle which he testified was traveling between 80 and 85 miles per hour and crowding the centerline. The circuit court held this evidence was inadmissible.

The circuit court did not err in excluding Vaughn's testimony. There was a real question whether the car observed by Vaughn was the vehicle operated by Dabney. According to Vaughn, the speeding car was the second vehicle he met, but Baucum testified that two automobiles passed the farm entrance before he entered the highway and collided with Dabney. Vaughn also testified that the speeding automobile was red and/or maroon. Dabney's automobile was a bronze Mustang with a black roof.

Even assuming that Vaughn did observe Dabney speeding ½ mile from the Foster farm entrance, Vaughn's testimony was not admissible for the purpose of proving that Dabney was speeding immediately prior to the collision. Vaughn did not continue to observe the vehicle to the point of the collision. His testimony did not show a pattern of reckless or wanton driving. Consequently, Vaughn's testimony fell within the general rule that evidence of speed some distance from the place of an accident is inadmissible. *Tingle v. Foster,* Ky., 399 S.W.2d 475 (1966); *Huff v. Daniels,* Ky., 335 S.W.2d 332 (1960); and *Gauze v. Horn,* Ky., 253 S.W.2d 606 (1952).

### Award of Excessive Damages

■ Cook in his fiduciary capacity asserts that the jury's award to Bowen of $25,294.72 for pain and suffering was excessive. For the purpose of this argument, we will accept as correct the statement of facts set forth in Cook's own brief:

> Bowen received a broken right leg, a broken ankle and several lacerations. She was in a case [sic] for four months and then on crutches for two. In June of 1972 [the accident occurred October 23, 1971] she returned to her employment and worked on a full time basis (when she wanted to) from that time until the time of trial. She had not seen a doctor or taken medication because of the injuries since April of 1972 and at trial testified she did not have any problems with her ankle. The only permanent injury that she received is that her right leg, is one-half to three-fourths of an inch shorter than her left leg, but she has no loss of function.

We conclude that the award of damages to Bowen for pain and suffering was not excessive. *Wilson v. Redken Laboratories,* Ky., 562 S.W.2d 633 (1978).

### Admissibility of Medical Depositions

■ Prior to the filing of the amended complaint making Cook individually a party, the testimony of four treating physicians was taken by oral deposition. Cook objected to the introduction of the medical depositions on the ground that he was not a party to the action at the time the depositions were taken. He asserts that the depositions were inadmissible under CR 32.01 because he was not present or represented at the taking of the depositions and had no notice thereof.

We find no merit to this argument. At the taking of the medical depositions, Cook was represented by counsel in his fiduciary capacity. Insofar as the question of damages was concerned, there was no conflict between the representation of Cook in his fiduciary capacity and the representation of Cook in his individual capacity. Cook had ample opportunity to retake the medical depositions after the filing of the amended complaint, but he chose not to do so. Cook was granted indemnity out of the Foster estate. There is a complete absence of any actual prejudice to Cook attributable to the taking of the medical depositions prior to the time the complaint was amended to seek relief against him individually.

### IV

The judgment of the Graves Circuit Court is affirmed on all appeals.

All concur.